## No. 9708.
### THE STATE OF LOUISIANA VS. WILLIE SAMUELS.

An information under Section 792 of the Revised Statutes, which charges that the accused wilfully, feloniously and of his malice aforethought * * shot into and among a crowd with intent to kill and murder some person or persons, is not bad for duplicity.

The description of the *animus* of the shooting is sufficient to qualify the intent to commit murder.

The information is not deficient for using the words *into* and *among* instead of the word *at* used in the Statute. It is not deficient because it does not in terms charge an *assault*, when it appears that other words used contain the necessary ingredients of an assault.

State vs. Samuels.

APPEAL from the First District Court, Parish of Caddo.
    *Hicks*, J.

*M. J. Cunningham*, Attorney General, for the State, Appellee.

*E. H. Randolph* and *J. W. Jones* for Defendant and Appellant.

The opinion of the Court was delivered by

POCHÉ, J.   Defendant seeks relief from a conviction under charge
that " with force and arms, into a crowd of persons assembled together
at a circus   *   *   *   *   with a certain dangerous weapon commonly
called a pistol, wilfully, feloniously and of his malice aforethought,
(he) did shoot among and into, with intent to kill and murder some
person or persons unknown.   *   *   *

The first point submitted is a motion to quash the information on
the ground that it charges no crime under the laws of this State, and
further, if there is such offence, it is bad for duplicity.

A complaint that no offence is charged, and that two offences are
charged in the same information, is manifestly more hypercritical than
definite or consistent.  Hence on appeal a more logical course has been
adopted by counsel, and the first ground of the motion is abandoned.

On the alleged defect of duplicity, we find that the information is
brought under section 792, Revised Statutes, which provides that,
"whoever shall assault another by wilfully shooting at him, or with
intent to commit murder, rape or robbery, shall be," etc.

It is plain that the Statute contemplates several distinct offences,
which are disjunctively enumerated, and our jurisprudence has long
since and uniformly sanctioned pleadings under which one or more of
the offences denounced by that very Statute can be cumulated in the
same count of the indictment or information, when it appears that
they are connected with the same transaction and constitute but one
act, as shown by the information in this case.   State vs. Faut, 2 Ann.
837;  State vs. Markham, 15 Ann. 498;  State vs. Richards, 33 Ann.
1294, and authorities cited in the last case.

The motion to quash is therefore devoid of all merit.

In a motion in arrest, the defendant urges three other objections to
the information under which he was convicted.

1.   That the information fails to specifically allege an assault, and
that under section 792 an assault is of the essence of the crime therein
denounced.

It is true that the information does not contain the word *assault*, but
it is equally true that the language used in the information contains

the necessary ingredients of an assault, and no rule of law requires that criminal pleadings should contain the identical words of the Statute, provided the true meaning thereof be unequivocally found in the bill or information.

2. He next contends that the information contains no averment of a felonious intent to murder.

The manner of the shooting, which is the substantial charge in the information, is described to be *felonious, wilful* and of *his malice aforethought*, and that description covers and sufficiently qualifies the alleged intent to commit murder. State vs. Bradford, 33 Ann. 921; State vs. Murphy, 35 Ann. 622.

3. He also complains that the charge is of shooting *into* and *among* a crowd, instead of following the language of the Statute, which uses the words shooting *at*.

We can hardly conceive the purport of this objection, for it appears to us that shooting *among* and *into* a crowd, conveys the idea of a more dangerous or offensive shooting than would be conveyed by the words shooting at. There is no force in the contention.

If for no other purpose but to avoid idle discussion, a more vigorous compliance with the terms of the statute, by prosecuting officers, would be advisable, and would doubtless enhance a speedy administration of justice.

Although the author of the information in this case managed to convey with sufficient legal precision the idea of the charge which he intended to prefer, yet the style of the instrument is so loose and clumsy that it suggested some reasonable doubts of its real meaning, and it has necessitated labor which might have been easily avoided.

Other means of defense have been resorted to in the district court, but they are not insisted on before this Court; counsel having restricted their efforts to sustain their motions to quash and in arrest.

Judgment affirmed.