### No. 1176.

STATE NATIONAL BANK vs. L. D. ALLEN, JR., AND GARNISHEES.

In a garnishment proceeding involving an appeal, an issue restricted between plaintiff and several garnishees, against each of whom plaintiff had prayed for judgment in separate and distinct amounts, the test of jurisdiction is in the respective amounts prayed for against each of the garnishees, and not by the original demand against the defendant, or in the cumulated amount of all the claims against garnishees respectively and separately.

State National Bank vs. Allen.

APPEAL from the Fifth District Court, Parish of Ouachita. *Richardson,* J.

*Ludeling & Stillman,* for Plaintiff and Appellant.

*C. J. & J. S. Boatner,* for Defendant and Appellee.

*Stubbs & Russell, Potts & Hudson* and *M. T. Liddell,* for Garnishees.

The opinion of the Court was delivered by

POCHÉ, J. Plaintiffs brought suit to recover eight thousand dollars of the defendant, against whom they sued out a writ of attachment, accompanied by garnishment process, upon a large number of persons alleged to be his debtors.

Judgment was rendered against the defendant in the full amount claimed from him, and as that judgment has not been appealed from, it is now final, and is no factor in the present appeal.

The only issue submitted to our view under the pleadings is the right of plaintiffs to hold a large number of the garnishees for the respective sums claimed of them in plaintiff's traverse of the answers, which they made respectively to the questions propounded to them touching their respective indebtedness to the defendant Allen.

Judgment was rendered in favor of plaintiffs against two of the garnishees, for small amounts respectively acknowledged to be due by each to the defendant, but for reasons unnecessary to detail here, all the other garnishees were discharged.

Plaintiffs have appealed from that part of the judgment.

Appellees make the point that we have no jurisdiction *ratione materiæ* on the ground that, under the pleadings, no judgment can be rendered against any one of the garishees in a sum not exceeding $2000 ; and that there is no community of interests or privity between the garnishees, so as to justify the addition together of all the separate claims urged against each of them respectively as a test of our appellate jurisdiction.

The point is well taken, and the appeal cannot be sustained.

The fact that all these various garnishees may be debtors of the defendant does not contribute to make them joint debtors of the latter more than the fact of their being residents of the same parish could produce the same result.

The status of the several garnishees, even if they should all be debtors of the defendant, cannot be traced to the same or common source, and the result may be that some of them are debtors, and that others are not indebted to the defendant.

That feature is illustrated by the very terms of the judgment rendered below, in which two of the garnishees are held and the others discharged.

It is clear that, if the judgment had been rendered against all the garnishees except one, the parties cast could not have brought their appeal before this court, where they could not have shown an appealable interest without adding together all the amounts claimed of them respectively ; and it is just as plain that the two garnishees who were held below could not sustain an appeal before this court. It is also undeniable that plaintiffs can exercise no right of appeal which their opponents, and each of them, could not exercise, if the position was reversed.

In a suit in which several defendants could be sued in one action by virtue of a special legislation, this court has held that the separate interests of the defendants could not be cumulated so as to create an appealable amount, when the record showed that the separate interest of each was less in amount than the lower limit of our jurisdiction.

In that case, which was an expropriation proceeding by a railroad company, the court said : " There is no community of interest between the various defendants ; the evaluation of the lands and damages of each must be made separately, and the adjudication affects each separately and distinctly, as though they had been made defendants in so many different suits." " If the company had been satisfied with the award and judgment, and appeal had been taken by one of the defendants, he certainly could not have invoked the entire value of the lands expropriated as the test of our jurisdiction."

" He would have been limited and confined to the vindication of his own separate and distinct interest, and the amount allowed him by the award would have been held to constitute the matter in dispute." La. Western R. R. Co. vs. Hopkins, 33 Ann. 806.

And so with each of the garnishees in this suit, who, in case of appeal, would have been confined, under a question of jurisdiction, to the particular amount claimed of him in plaintiffs' motion for judgment in their traverse of his answers.  See also Marshall vs. Hormes, 39 Ann. ——.

Plaintiffs' counsel does not deny the proposition that no judgment could, under the pleadings, be rendered against any one of the garnishees for a sum exceeding $2000, but his contention is that the amount of plaintiffs' claim against the defendant is the test of jurisdiction, and that his prayer was for judgment in that sum against each of the garnishees who would fail to answer.

In making that point counsel loses sight of the present status of his claim against the defendant, which has been merged into a final judgment, from which no appeal has been taken, and rendered several months before the trial of the issue between plaintiffs and the garnishees, and of the present status of his clients' claims against the latter, as characterized by his pleadings in his traverse, in which he prays for judgment against each garnishee in a separate amount against them all separately, in sums ranging from forty-one to fifteen hundred dollars.

Under his amended pleadings counsel has abandoned his original prayer, and he must now be held to the demands contained in his last pleadings.

On that point the question under discussion is entirely covered by the decision of this court in the case of Wood, Slayback & Co. vs. Rocci, New Orleans Insurance Association Garnishee, 32 Ann. 1120 in which similar pleadings had been made.

In that case plaintiffs had originally claimed from the garnishee the full amount of their demand against their debtor, but in their traverse they had prayed for judgment against the garnishee for the value of the property which the company had acknowledged to hold for the defendant. The court said : " By resorting to this rule plaintiffs unequivocally shifted their position, and clearly abandoned their previous prayer, as set forth in their supplemental petition. The character and amount of their demand are therefore to be tested under the relief prayed for in their rule to traverse garnishee's answer."  *  *

This is precisely the condition of the case in hand—and hence we must decline jurisdiction.

It is therefore ordered that the present appeal be dismissed at appellants' costs.