The opinion of the court was delivered by
Breaux, J.
The action was instituted to recover one-fourth interest in a square of land in the city of Monroe. The late James Hart bequeathed this square to the plaintiff, his mother and his two sisters.
Plaintiff alleges that on the 20th of January, 1881, his mother individually sold to Annie E. Livingston a part of the square; that on the 5th day of February, 1893, the sheriff sold the remainder of the land to the “ Consolidated Association of the Planters of Louisiana” under an order of seizure and sale issued on a pre - tended twelve months’ bond, executed by his mother in the suit of the Consolidated Association et al. vs. James W. Mason et al., filed November 23, 1870, to enforce a mortgage against the entire property left by James Hart, which proceedings were enjoined by Ben Hart and J. W. Locke, executors of James Hart; that on the 17th June,-1876, by way of compromise, the executors and his mother as principals executed this pretended twelve months’ bond in favor of *1252 the “Consolidated Association of the Planters.” That there was no advertisement and no adjudication of the property and the bond was a conventional agreement on which process of law could not issue so as to bind third persons. That on 30th April, 1881, the “ Consolidated Association ” caused an order of seizure and sale to issue as if it had been a twelve months’ bond with vendor’s lien, under which the sheriff seized the property and finally sold it to that association on February 5, 1883; and that subsequently the association sold the land to Richard Sinnott.
The defendants interposed peremptory exception of res judicata and estoppel, in which they allege that the questions and issues raised had been decided in the suit of p aintiff acting through his tutrix and legal representative in the suit No. 800 of the docket of the District Court of Ouachita parish, and in other suits instituted before that court.
This exception was referred to the merits.
In their answers they set forth their grounds of defence and especially plead that the action to annul the sale in contest is barred by the prescription of five years.
The facts are that on the 17th day of April, 1830, the “Consolidated Association of the Planters ” secured a 1 an by mortgage on a tract of land adjacent to Monroe containing the pact de non alienando.
In course of time it became the property of Dr. John Calderwood, who sold to James Hart, subject to the mortgage.
The “ Consolidated Association ” brought suit against the original mortgagor and against James Hart, the possessor, to enforce the mortgage.
This defendant, Hart, filed a peremptory exception in that suit on the following grounds:
That the land was not accurately described; that the mortgage was in the French language and therefore not the notice required.
Hart having died, his executors were made parties to the suit and contradictorily with them a judgment was obtained for the sum due, and recognizing the mortgage. The judgment was affirmed on appeal.
In execution of this judgment the property was seized. It failed to. sell for cash and was readvertised for sale on twelve- months’ credit.
When about Co be sold the sale was enjoined by the executors of James Hart’s estate and by Mrs. Bracey, the tutrix of plaintiff.
*1253 The injunction was dissolved. The evidence that a sale followed the dissolution of an injunction consists principally of recitals on a twelve months’ bond given by these parties for the price.
After the statement in the bond that the price is one'thousand eight hundred and ninety-six dollars and ninety-seven cents, with legal interest, it is declared that the purchasers were the last and highest bidders of the property mortgaged, and that the property was seized to satisfy an execution issued in the suit entitled the “ Consolidated Association of the Planters” vs. J. W. Mason et al., No. 800, “ which, after complying with all the forms of law, was, on the 17th day of June, 1874, offered for sale on a credit of twelve months and adjudicated to said Locke and Hart, executors, and Louisa C. Bracey, wife of S. L. Bracey.” This bond is dated the 17th day of June, 1876. This property was seized.
The sale was enjoined by plaintiff’s mother and tutrix, who alleged in her petition for the injunction that personally and as tutrix, she owned the property under the terms of the will of the late James Hart.
That the bond was not a twelve months’ bond, but a mere conventional agreement. That preceding the execution of the bond no sale had been made.
The sheriff and the bank answered. After trial judgment was pronounced for the latter. Prom the judgment, plaintiff having appealed, this court decided “that a party signing a twelve months’ bond is not permitted when execution issues thereon, under Article 720, C. P., to arrest the writ, on the ground that there was no seizure, advertisement and sale of the property in the case in which the bond was furnished, the bond reciting that all the requirements of the law had been complied with. By signing the bond such party has cured all the irregularities, if any existed,” citing authorities. Mrs. Louisa Bracey and Husband vs. S. E. McGuire, Sheriff, et al., 34 An. 997.
The property, on the 3d day of February, 1883, offered for sale under the bond, was adjudicated to the “Consolidated Association” in satisfaction of its mortgage, and possession was taken by the purchaser. In February, 1883, Mrs. Bracey, individually and as tutrix of plaintiff, sued the warrantor of her title and obtained judgment against her for five thousand dollars.
She alleged that she had been evicted from the property. A compromise was effected between plaintiff in the case and her warrantor; *1254 the latter paid two thousand dollars, and the judgment obtained by the plaintiff against the warrantor was transferred in acordanee with the terms of the compromise.
The plaintiff in this case denies the signature to a letter of transfer of this judgment, purporting to be his.
Motion to Dismiss the Appeal.
The square involved in this suit has been divided into lots belonging at this time to separate owners.
As to two of the defendants, plaintiff and appellee moves to dismiss the appeal on the ground that the amount in dispute as to them does not exceed two thousand dollars.
Each of these defendants traces his title to one author and is interested in maintaining the sale attacked by the plaintiff. If nullity be decreed it will have the effect of absolutely destroying each title. The validity of the mesne conveyances under which each holds is not at all at issue. All interest centres in the deeds assailed. The value of the property involved determines the jurisdiction of the court. That property involved in this case in which each of the defendants is interested in maintaining the title is of a value within this court’s jurisdiction. A similar question was determined in Derbes vs. Romero, 28 An. 645. Multifariousness of suits is to be avoided if consistent with reasonable interpretation of the laws conferring jurisdiction.
FORECLOSURE OF MORTGAGE.
The plaintiff and his co-legatees received the property burdened with a mortgage. In the first suit filed to foreclose, the testator was the party defendant, and at his death the executors of his estate became his defendants.
Contradictorily with them the consolidated association obtained a judgment decreeing that the property was sufficiently described and the registry legal.
INJUNCTION.
Subsequently the executors and plaintiff’s tutrix, in an injunction, assailed the mortgage and alleged the irregularity of the proceedings.
This injunction was dissolved and judgment pronounced for plaintiff maintaining the mortgage and ordering the property to be sold.
*1255 SALE.
At the offering that followed, plaintiff’s mother and the executors became the adjudicatees.
The property was not sold when offered for cash; it was readvertised for sale on twelve months’ bond, and it was at this sale that they, plaintiff’s mother and the executors, became adjudicatees.
TWELVE MONTHS’ BOND.
Some time after the year had elapsed execution was issued on the twelve months’ bond for the purchase price.
The mother of plaintiff, individually and as tutrix of her minor children, Charles EL, Hattie and Katie, sued out an injunction on grounds pleaded by plaintiff in the present action.
This court, on appeal, maintained the legality of the twelve months’ bond and of the proceedings preceding the bond, and specially decreed that the adjudication under which the property passed from the ownership and possession of the bank’s mortgage debtor to the purchasers, Mrs. Bracey and the executors, was legal. All the points now presented have been previously decided in suits of record. After the several decisions that must be held as conclusive upon those who were parties, the “Planters’ Association” became the purchaser, and the defendants now trace their titles to that purchase.
MIINORS’ INTEREST.
It only remains for us to determine whether the 'proceedings bind the minors at their majority; in other words, whether the tutrix had authority to appear and plead in their behalf.
It does not admit of question that a minor can be represented in judicial proceedings by a tutor acting for and in his name.
The tutor has authority to sue and protect the interest entrusted to him.
RES JUDICATA.
It necessarily follows that the effect of res judicata extends to the minor thus represented.
Ordinarily, if a tutor acts injudiciously in litigation in which his ward is interested, he is responsible and must indemnify him for the loss thereby occasioned.
If fraud and downright wrong are committed, to the minor’s prejudice, they would vitiate the proceedings and possibly not prove a protection to any title.
*1256 Neither error nor fraud is suggested in the case at bar as having been committed by the tutrix, who sought to protect her minor children, by invoking the aid of the courts to prevent the sale of property in which they had an interest.
The court in Beard, Tutor, vs. Morancy, 3 Robinson, 121, summarily disposes of the question in a petitory action: “We lay out of view the exception to the want of authority in the tutor to institute this suit.”
The law regarding res judicata makes no distinction; the minor himself, “when represented, is equally bound by the authority of the thing adjudged, the sanction of which is founded on the safety of society itself. ’ ’

Status reipublicse máxime judicatis rebus eontinetur.

Louisiana State Bank vs. Orleans Navigation Company, 3 An. 313.
THE TUTRIX HAD THE RIGHT TO PURCHASE.
With reference to possible prejudice resulting to the minor’s interest in these proceedings, it was argued that the tutrix was without right personally to buy the property at the sale made in 1876.
This on the part of plaintiff assumes that the tutrix personally had no interest in the property, an error of fact, for she was a co-legatee of the plaintiff and one of the joint owners.
By Act 26th February, 1841, No. 30, a tutor may purchase in the same cases as an executor, curator or an administrator; that is, when she is a partner in community, or an heir or legatee. There was no conflict of interest.
It is also urged in argument that the plaintiff is not concluded by the appearance of his tutrix in these suits for the reason that there was a conflict of interest, and that action should have.been left to the under-tutor.
There was a joint and not an antagonistic interest between the tutrix and the minors.
She, as a debtor personally and as tutrix, defended the cases and sought to escape from payment of the debt, in their interest and in her own.
Her interest and duty were not at all at variance.
SUIT AFTER EVICTION FOR VALUE OF PROPERTY.
Having been evicted, after judgment she accepted the inevitable and instituted suit against the warrantor to recover the amount due her and her children because of the eviction.
*1257 It was her right and duty to thus seek to protect their interest.
She obtained a judgment against the warrantor for the value of the property from which they had been evicted, in April, 1884, a few months prior to the majority of plaintiff.
In her petition for the judgment she admitted the legality of the proceedings for eviction.
The judgment obtained remained unquestioned as to its legality.
COMPROMISE.
Propositions of compromise between the creditor and judgment debtor were considered, and finally resulted in the acceptance by plaintiff’s mother of an amount less than the face of the judgment obtained.
The attorney who represented the warrantor testifies that in the settlement made he required that all the heirs who were minors at the time the suit was brought, who had arrived at the age of majority, should be parties to the settlement; that in consequence powers of attorney were obtained from the heirs absent and the compromise effected.
These powers of attorney are lost and witnesses could not prove the full scope of the power conferred.
Oareful and reputable attorneys at the time thought it was sufficient and the compromise was made.
The name of plaintiff, with the names of his co-legatees, is signed to a transfer of the judgment obtained, made, the receipt states, for a valid consideration. The plaintiff as a witness denies the genuineness of the signature purporting to be his, and he adds that he does not think that it was written by his mother, who held his power of attorney. The mother was not called upon to testify in the case.
We do not question the truthfulness of plaintiff’s testimony regarding his signature to this receipt. The fact remains that it may have been signed by some one empowered to sign; that during many years the transaction was unquestioned.'
Third persons who are purchasers can not be affected by these latent defects. They had the right to presume that the receipt was signed by the plaintiff. Granted all that is claimed in b’ehalf of plaintiff in reference to the receipt and leaving it out of consideration entirely, the plaintiff is confronted by the judgment obtained by his tutrix, and which she, after his majority, collected for his and *1258 co-creditors’ account, and by the proceedings which led to the judgment — all admitting the validity of the action to which he had been subjected.
IE ERROR WAS COMMITTED TUTRIX WAS RESPONSIBLE.
If the tutrix has committed an error, it would be at most one of judgment, for which she would become responsible to the heirs for whom she acted, in compromising a judgment obtained in her name, and which,in so far as third persons are concerned, has all the characteristics of unqualified acquiescence by the heirs.
PRESCRIPTION.
The defendants plead the prescription of five years as curing all informalities connected with, or growing out of, any public sale made by any person authorized, as applying “whether against minors, married women or interdicted persons.” C. C. 3543.
Contradictorily with the tutrix, authorized to represent her minor children, regarding the very property involved and the title now assailed on the grounds now alleged by plaintiff, this court held, “besides,” it would seem, that the lapse of five years has ratified what irregularities may have existed. 34 An. 997 (already cited).
The twelve months’ bond in question contains the declaration that the proceedings upon which it was based were regular. These declarations have been accepted as correct in a decision of this-court.
Subsequent to that decision, the tutrix, in her suit against theWarrantor, judicially admitted—
That the property had been seized, advertised and regularly sold.
If there were irregularities, they are barred by the prescription pleaded.
It is therefore ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed, and that plaintiff’s demand be rejected at his cost in both courts.