## No. 13,787.

JOSEPH THEOLIN LANDRY ET ALS. VS. THE CAFFERY CENTRAL SUGAR REFINERY AND RAILROAD COMPANY, LIMITED.

| 104 | 757 |
| 109 | 458 |

### SYLLABUS.

#### ON MOTION TO DISMISS.

The ground is that the court is without jurisdiction *ratione materiae.*
Each of the appellants asked for a judgment on appeal in an amount less than the lower limit of the Supreme Court's jurisdiction. There was no privity of interest among the different parties. Appellants did not ask for one judgment for all, but each prayed for a judgment for himself.

APPEAL from the Twenty-Third Judicial District, Parish of St. Mary—*Allen, J.*

*Breaux & Gordy* for Plaintiffs, Appellants.

*Guy M. Hornor* and *Charles A. O'Niell* for Defendant, Appellee.

The opinion of the court was delivered by

BREAUX, J. This is an action for damages which plaintiffs claim as having grown out of the breach of a contract.

Plaintiffs are cane planters at or near Delcambre in the parishes of Iberia and Vermilion. The defendant, as its name indicates, is a sugar manufacturer and in connection with its business it owns a branch railroad on which it carries the cane it buys from the cane planter to the sugar refinery.

The terms and conditions of the contract between the plaintiffs and the defendant, in part, is that each plaintiff is to deliver at the sugar

refinery of the defendant a stated number of acres of "good, sound and unfrozen cane, free from leaves," and in such other condition as is stipulated in the contract. The parties agreed in this contract as to the time plaintiffs were to commence to deliver the cane and the rate of tons per day relatively, and in proportion to the entire crop, each plaintiff bound himself to deliver.

The defendant agreed to pay the plaintiffs "eighty cents per cent. (per ton) of two thousand pounds of cane for each and every cent that prime yellow clarified shall bring on the New Orleans market; the average price per week ending each Saturday of the New Orleans Sugar Exchange to be the basis of settlements under this contract for the receipt of cane during said week." The parties also agreed on an additional fifty cents on each ton delivered.

The contract contains other conditions of payment for the cane and time and manner of delivery which it is not necessary to insert here. One of the stipulations in the contract bearing directly upon the issues hereafter passed upon is the following: "It is agreed that in all cases where delivery of cane is to be made by the railroad, that a failure to supply the necessary cars shall not constitute a violation of the contract."

The following is the amount claimed by each petitioner for cane which he alleges he lost:

| | |
|---|---:|
| Joseph Theolin Landry | $781 87 |
| Drozin Landry | 104 25 |
| Evariste Miguez | 208 50 |
| Felicion Duhon | 208 50 |
| Celistian Comier | 208 50 |
| Victor, J. | 208 50 |
| Adrien Carlin | 62 55 |
| Alfred Delcambre | 521 25 |
| Duprelon LeBlanc | 227 77 |
| Duplexis LeBlanc | 132 05 |
| Ceasaire Broussard | 70 35 |
| Evariste Vincent | 34 75 |
| Total | $2768 84 |

Each prays for judgment against the defendant for the sum opposite his name.

The defendant filed an exception of no cause of action which was referred to the merits. The answer is a general denial.

## MOTION TO DISMISS.

Defendant and appellee filed before this court an application to dismiss the appeal on the ground that this court is without jurisdiction *ratione materiae.* The complaint of plaintiffs is that the defendant violated its contract by failing to deliver necessary cars to carry cane from their fields to defendant's factory, and that, in consequence of this breach, each has suffered damages charged opposite his name.

The contract itself is not attacked. Defendant's failure to execute its terms and conditions is the complaint made. While it is true that this contract was signed by all the plaintiffs, yet each bound himself personally to carry out its stipulations in so far only as each was concerned. The contract is neither solidary nor joint. The petition sets forth the respective rights claimed by the plaintiffs, and each asks for judgment for the amount of his claim. They stand exclusively on their respective rights. If a judgment were rendered in favor of plaintiffs, it would be for the amount and to the extent each claim would be sustained by sufficient testimony. There is not the least privity among the plaintiffs. Each is a separate and distinct plaintiff, as much so as if he alone had sued on the contract. To illustrate: A. may recover and B. may not, and neither would have the right to complain of the success or failure of the other.

In the District Court no objection was urged against the consolidation of these claims for damages on an asserted breach of contract. Properly, the District Court had jurisdiction of each claim, independently the one of the others. On appeal, it is different as relates to jurisdiction. If there is no privity of interest whatever, the joinder of demands would not have the effect of conferring jurisdiction. It should be borne in mind, in considering the question involved, that each of the plaintiffs stipulated for himself and secured a separate and distinct obligation; that each sues for the asserted non-performance of the obligation by the defendant, and each must succeed, if he succeeds at all, in recovering an amount which has nothing about it in common with other plaintiffs.

Each claims independently of the other plaintiffs that the defendant has caused him damages by not carrying out the contract to which it is bound in his regard.

If a separate suit had been instituted by each appellant, it is manifest enough that they would not have been entitled to a consolidation of each suit in order to secure jurisdiction on appeal. By joining in one suit, the right, as relates to jurisdiction, is not enlarged. Tague vs. Insurance Co., 38 Ann. 456.

It is therefore ordered, adjudged and decreed that the appeal taken in this case be dismissed.