No. 13,972.

STATE EX REL. SUMNER BUILDING & SUPPLY CO., IN LIQUIDATION, ET ALS. vs. JUDGES OF THE COURT OF APPEALS.

105 333
109 458

SYLLABUS.

1. The claims of several creditors between which the only connection is that they are due by a common debtor and are secured by privileges on the house of such debtor, cannot be joined together to make up the amount requisite for this court to entertain jurisdiction.

2. A case must on a second appeal go to the court having jurisdiction of it in the condition in which it is, and not to the court that had jurisdiction of it in the condition in which it was at the time of the first appeal.

APPLICATION for Writs of *Certiorari* and *Mandamus*.

State ex rel. Building and Supply Co. et als. vs. Judges.

*Rice & Montgomery,* for Relators.

Respondent Judges *pro se.*

*William S. Benedict, amicus curiae.*

On the application for a rehearing by PROVOSTY, J.

The opinion of the court was delivered by

PROVOSTY, J.   A house having been built for the plaintiff, and the contractor who had built the house having become insolvent, the persons who had furnished labor and materials to the contractor for the building of the house caused their claims to be recorded in the office of the recorder of mortgages, so as to exercise recourse against the plaintiff and her house under a statute of this State.   The plaintiff brought suit against all the claimants, joining them all as defendants in one suit, asking that she and her house be decreed not liable for their claims, and that the inscription of the claims be cancelled, and that the claimants be condemned *in solido* to pay her one thousand dollars damages.   The claims together exceed the lower limit of our jurisdiction but not one reaches this limit singly.   The defendants separately by separate answers reconvened, praying judgment against plaintiff for the amount of their claims with recognition of their privilege.

The question is whether this court has appellate jurisdiction of such a suit.   The point was considered, and was decided adversely to the jurisdiction, in the case of Tague vs. Insurance Co., 38 Ann. 456, and we adhere to the view there expressed.

We pay no attention whatever to the claim of one thousand dollars in damages, for the reason that it is plainly and admittedly a mere fictitious claim.   Our jurisprudence is well settled that in considering jurisdiction fictitious claims are disregarded.

Nor is the fact that this is a second appeal and that the case came to this court on the first appeal any reason why we should entertain the appeal.   The ground upon which we entertained the first appeal has ceased to exist, and cannot serve as a basis for the present appeal.   It was that the District Court had declared a statute of this State to be unconstitutional.   We reinstated the statute on the first appeal, and from that time the case ceased to involve the constitutionality of a statute.   We cannot deal with the case as it at one time was, but must

deal with it as it now is, and in its present condition it does not involve the constitutionality of a statute.

The idea that the case has in some way continued to be on appeal to this court is a wholly erroneous one. A case cannot be pending in the lower court, and in the appellate court at the same time. Upon our remanding the case our connection with it was severed except in so far as supervision over the execution of our own judgment might be concerned, and there is no question arising in the case in connection with the execution of our judgment. The present appeal is not a continuation of the first appeal, but is a distinct and separate appeal, with a motion for appeal and a bond for appeal of its own; it is taken from a different judgment, and from a judgment rendered on different pleadings. We say different pleadings, because by our judgment on the first appeal the question of the constitutionality of a statute of this State was removed from the pleadings.

The case is appealable to us neither on the ground that it involves $2000, nor on the ground that it involves the constitutionality of a statute; hence, it was properly appealed to the Court of Appeals, and the *mandamus* herein is therefore made peremptory.

## On Reconsideration.

In this case our attention having been called to the fact that subsequent to the remanding of the case supplemental pleadings were filed assailing for a second time the constitutionality of the Act of the Legislature, the constitutionality of which had been declared by our judgment on the first appeal—we, of our own motion, ordered a reconsideration of the case; but there is now filed with us the reasons for judgment on which the judgment appealed from is based, and from those reasons for judgment we find that the case on the second trial was tried on questions of fact irrespective of the issue of unconstitutionality raised by the supplemental pleadings. O'Neil vs. Vermont, 144 U.S. 336; also Moss vs. Newhouse, 52 Ann. 945. Therefore as the case now stands before us it is not a case in which a statute of this State has been declared to be unconstitutional; and, consequently, we have no jurisdiction of it; and we adhere to our original opinion.