(33 South. 559.)

No. 14,489.

SOUTHERN TIMBER & LAND CO., Limited, v. WARTELL et al.

(Jan. 19, 1903.)

APPEAL—JURISDICTIONAL AMOUNT.

1. In a petitory action, where the plaintiff, claiming ownership of a tract of land, alleges that several parties, who are made defendants, are trespassing, each upon a particular subdivision of such tract, which subdivision is described and designated, and the value of which appears upon the record, and prays judgment against each of said defendants with respect to the subdivision which he is alleged to be trespassing upon, and for the rents and revenues thereof, and where it is not alleged and does not appear that the defendants trace title to a common author, that there is any privity or common interest between them, or that either will be affected by a judgment against the other, the appellate jurisdiction of this court with respect to the demand against each defendant depends upon the amount or value demanded from him, and not upon the aggregate amount or value demanded from all of them.

(Syllabus by the Court.)

Appeal from judicial district court, parish of St. Landry; Edward T. Lewis, Judge.

Action by the Southern Timber & Land Company, Limited, against F. M. Wartell and others. Judgment for defendants, and plaintiff appeals. Dismissed.

W. C. Perrault, for appellant. Lewis & Lewis, for appellees.

On Motion to Dismiss the Appeal.

MONROE, J. It is alleged in the petition that the plaintiff is the owner of a tract of land in the parish of St. Landry, which is described as embracing lots 2, 3, and 5, and S. E. ¼ of Sec. 1, T. 5 S., R. 3 E., containing 138 acres; that Ferdinand M. Wartell, Pat Screen, Mrs. Widow Lalanne, and Mrs. Widow Dossman are illegally in possession of, trespassing upon, and "claiming the same, in the proportions and to the extent, viz., Ferdinand M. Wartell to the extent of $97^{96}/_{100}$ acres, Pat Screen to the extent of $120^{4}/_{100}$ acres, Mrs. Widow Lalanne to the extent of 27 acres, and Mrs. * * * Dossman to the extent of $1^{09}/_{100}$ acres, all of which portions of said property claimed as aforesaid are represented on a plat of survey made by George O. Elms, surveyor, which is hereto annexed for reference." It is further alleged that the persons named are liable for rent "at the rate of $3 per acre per year for each acre in their respective possessions; they having illegally and in bad faith possessed and cultivated same, in the proportions and to the extent averred," during the years 1898, 1899, 1900, 1901, 1902.

And the petitioner prays that it "have judgment decreeing it to be the owner of the property, * * * and that it be put into possession thereof; that it have judgment against the said Ferdinand M. Wartell for * * * the full sum of $1,469.40 as rent for the years 1898, 1899, 1900, 1901, and 1902 for the 97.96 acres of said land unlawfully detained and cultivated by him during said years; that it have judgment against the said Pat Screen, and recover from him the

full sum of $180.60 as rent for said years for the 12.04 acres of said land unlawfully detained and cultivated by him during said years; that it have judgment against the said Mrs. Susan Babin, widow of Jean Marie Lalanne, and recover from her the full sum of $405 as rent for the said years for the 27 acres of land unlawfully detained and cultivated by her during said years; and that it have judgment against the said Mrs. Mary Walsh, widow of Charles Dossman, deceased, and recover from her the full sum of $16.35 as rent for said years for the 1.09 acres of said land unlawfully detained and cultivated by her during said years," etc.

The "plat of survey," annexed for reference, indicates that the several defendants named occupy separate and distinct portions of the tract described, and hold none of it in common.

The defendant Pat Screen filed exceptions (1) of no cause of action; (2) of misjoinder; (3) that he acquired title at a judicial sale of the property of the estate of Lastie Doucet, and that the same cannot be attacked collaterally—and, by way of amplification of the plea of misjoinder, alleged that plaintiff's averment that defendants are trespassers is not made seriously, but for the purpose of avoiding that plea. The other defendants, though cited, made no appearance, and no default was taken against them. Upon the hearing of the exceptions thus filed by Screen, he offered in evidence, for the purposes of the exception of misjoinder, the title under which he claims; being an act of sale by the administrator of the succession of Lastie Doucet and wife, executed pursuant to an adjudication at public auction made under order of the district court for the parish of St. Landry, in which title the names of the other defendants in no wise appear. The plaintiff, upon the other hand, offered a patent from the United States government to the Texas & Pacific Railroad Company to the land described in the petition, together with mesne conveyances thereof to himself; the evidence being admitted solely for the purposes of the exception of misjoinder; there being no evidence, so far as we are able to discover, identifying the land described in the titles so offered with that occupied by the defendants, or either of them.

The judge a quo held that the petition does not sufficiently set forth the title upon which the plaintiff sues, and that as the plaintiff did not ask leave to amend, but insisted upon the sufficiency of the petition as it stands, the exception of no cause of action should be maintained, and the suit dismissed, and it was so ordered.

The defendant and appellee Screen moves to dismiss the appeal on the ground that "the subject-matter of this suit, between the parties to this appeal, is less than $2,000 in value, and therefore that this court is without jurisdiction."

There is an admission in the record that the land in dispute is worth $20 per acre. The petition, as we have seen, alleges that Screen holds 12.04 acres, and claims from him rents amounting to $180.60, so that, as between him and the plaintiff, the amount in controversy is far below $2,000.

### Opinion.

It does not appear from the petition that the defendants are claiming under the same title, that they are co-trespassers on the same property, that they have a common interest or a common defense, or that a judgment against one of them will in any manner affect the rights of the other. On the contrary, the specific tract of land said to be occupied by each of the defendants is designated upon the "plat of survey" annexed to the petition, and judgment is prayed for against each defendant for the tract so occupied, and for the rental thereof at $3 per acre. So far as appears from the record, therefore, all that can possibly be involved in the controversy between the appellant and the appellee is the value of the land occupied by the appellee, plus the rental thereof; the aggregate amount being less than $500.

In Stevenson v. Weber, 29 La. Ann. 105, it was held (quoting from the syllabus) that "jurisdiction cannot be given to a district court by aggregating a number of coplaintiffs or codefendants, where the sum claimed by or demanded of each is less than five hundred dollars."

The doctrine thus enunciated was affirmed in Larrieux v. Slaughter House Co., 30 La. Ann. 610, where, referring to the case cited, it was said:

"That case, therefore, goes to the extent of

holding that, when persons have several and distinct rights, they cannot, by uniting and aggregating them, even when no misjoinder is pleaded, give jurisdiction to a court which would not have jurisdiction of their several separate demands."

The rule is equally applicable in matters affecting the jurisdiction of this court, and whether it be a number of plaintiffs uniting in their several demands against a single defendant, or a single plaintiff uniting several demands against as many defendants.

Thus in La. Western R. R. Co. v. Hopkins, Kennedy et als., 33 La. Ann. 806, it appeared that the General Assembly had authorized the plaintiff to join several landholders in the same suit for the purposes of expropriation; that in the suit before the court there were a number of defendants, who by one judgment had been awarded various amounts below that required to vest this court with jurisdiction; and that plaintiff appealed. On motion to dismiss, it was said, inter alia, "If the company had been satisfied with the award and judgment, and an appeal had been taken by one of the defendants, he certainly could not have invoked the entire value of the lands expropriated as the test of our jurisdiction." And so it may be said in the instant case, since, the charge being that each defendant is trespassing upon a particular piece of property, the metes, bounds, dimensions, and value of which are given, it might very well happen, for aught that appears upon the face of the petition or in the record, that the demands of the plaintiff as to the other defendants would be rejected, and the appellee alone condemned, or vice versa, and that it would be found that neither defendant is interested in the claim against, or in the defense to be set up by, the other.

In the cases of Derbes v. Romero, 28 La. Ann. 644, and Railroad Co. v. Elmore et al., 46 La. Ann. 1240, 15 South. 701, the charge seems to have been that each of the defendants was trespassing upon the whole tract claimed, and judgment was prayed against each for the whole. The value of the whole tract was accordingly held to determine the question of jurisdiction.

In Ross v. Enaut et al., 46 La. Ann. 1255, 15 South. 803, it appeared that the defendants traced their title to a common author, whose title the plaintiff attacked; and it was held that the entire title was at issue as to all the defendants, and that each of them was interested in maintaining it.

Neither of these conditions is presented in the instant case. The appellee before the court is sued for a specifically described tract of land, containing 12 acres, the position and boundaries of which are indicated on the "plat of survey" annexed to the petition, and which is alleged to be worth not less than $20 per acre, and for the rental thereof, amounting to $180.60; and it is alleged that he is trespassing on that particular tract, and it is not alleged that he is trespassing on any other tract, nor is it alleged, nor does it appear, that he and the other defendants trace their titles to the same author, or that either will in any manner be affected by a judgment against the other. Under these circumstances, the case, as presented, falls within the rule that no appeal lies to this court where each of several plaintiffs in the same suit claims of the same defendant, or where one plaintiff claims of each of several defendants, a sum less than the amount necessary to vest jurisdiction, on demands with respect to which it does not appear that there is any privity or common interest between such plaintiffs or such defendants, as the case may be. Tague v. Insurance Co., 38 La. Ann. 457; Bank v. Allen, 39 La. Ann. 806, 2 South. 600; Landry et als. v. Sugar Refinery & R. Co., 104 La. 759, 29 South. 349; State ex rel. Sumner Building & Supply Co., in Liquidation, v. Judges, 105 La. 333, 29 South. 892.

We therefore conclude that the motion to dismiss the appeal should be sustained, and it is so ordered.