*953 On Motion to Dismiss.
BREAUX, C. J.
The ground is that the court is without jurisdiction ratione mate-rim by reason of the fact that it does not appear that the salaries, fees, or emoluments attached to the office from which relators seek to oust the defendants and to which they seek to have themselves instated were sufficient to vest this court with jurisdiction.
The rejoinder of defendants is that the issue involves the right to the possession and control of the assets of the “Equitable Homestead Association,” a local corporation with assets aggregating a very large amount. That the validity of the election of the officers and board of directors is to be passed upon and the consequent right to the funds.
Respondents urge in answer that in addition the aggregate amount of the salaries of each officer, party to the suit, is over $2,000, and they add that in any event the amount at issue, if not within the jurisdiction of this court, is within the jurisdiction of the Court of Appeals.
[1] Taking up the first proposition for decision: The assets of the corporation or of the amount it has in its treasury are not the test of jurisdiction of this court on appeal. That sum is considered as at least one remove from the salary; and, while the officer is bound to act to the extent that he is liable, he is not the owner and has no appealable interest. The agency attends to that part through its officers, it is true, but the rest is in the corporation and is not to be championed by the officers to the end of maintaining jurisdiction on appeal in the court of last resort. An uninterrupted number of decisions has settled that point.
In substance the court said in State ex rel. Buckner et al. v. Jastremski et al., 33 La. Ann. 110, the salary is the test and not the public funds to be distributed.
In a well-reasoned case (State ex rel. Bebden v. Markey, 21 La. Ann. 743) this court held that the corporation had no direct pecuniary interest and dismissed the appeal.
A similar view was expressed in State ex rel Broussard v. Dallas, 116 La. 489, 40 South. 847.
The office of police juror was in contestation in West Carroll. State v. Hayles, 32 La. Ann. 1135. The court held in that case that the salary was the interest involved in the contest and not the large amount of public funds in which the appellant did not have the most remote interest as an owner.
Again in another case this court said in substance no jurisdiction attached in a case presenting a contest for an office not salaried.
This court reasoned at some length upon the subject and arrived at a similar conclusion in Macedonia Baptist Church v. Dickinson, 52 La. Ann. 706, 27 South. 100.
[2] Defendants aver that their aggregate interests (that is, their respective salaries), added together, as officers, are sufficient to maintain jurisdiction.
One of the officers of defendant, Mr. Datz, having withdrawn from the suit, even on the theory of an aggregate amount due to the different plaintiffs as being over $2,000, the point is without merits.
The ground still urged after the abandonment of all claims by Mr. Datz is, to wit, that the salary itself still remains a question for consideration. With that view we cannot agree. There is no contest in matter of the office. It is the only ground. One officer has entirely withdrawn, as we said before, all claims. There is no contest between him and the officer who has heretofore contested his right to the office, and the officer is entitled to the office as well as to the salary in so far as any issue is before us for decision. From any point of view, the respective amount of salaries due is to be considered, and not the aggregate in ascertaining whether or not this court has jurisdic *955 tion. Each officer claims his salary, and in the salary that each claims no one has an interest save the claimant.
Eor convenience and to expedite litigation, parties sometimes join in one suit; no objection being urged, their claims are considered. This practice does not sanction the additional right of pooling salaries to the end of obtaining jurisdiction.
We have found no merit in the other point raised in the motion to dismiss. If it has any merit, it has not been called to our attention. It is sufficient that the motion to dismiss has a ground that we think is controlling and justifies us in dismissing the appeal.
The appeal is therefore dismissed.
The defendant asked to have the appeal transferred to the Circuit Court of Appeals under acts of the General Assembly authorizing such a transfer. This court declines to take jurisdiction and transfers the appeal to the Circuit Court of Appeals upon appellant complying with the statute by taking the required oath that the appeal was not taken for delay. The appeal is transferred as above ordered, but dismissed in this court as before decreed.