No. ——

First Circuit Appeal

---

## LOUISIANA STATE RICE MILLING CO., INC., v. JOHN W. HORNSBY, ET AL.

---

(May 5, 1925, Opinion and Decree)

---

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Courts—Par. 128.**
A principal and his sureties have a common interest and, consequently, when they are co-defendants, the amount in dispute which determines the jurisdiction of the court is the total amount of the demand against the principal and sureties.

2. **Louisiana Digest—Courts—Par. 164.**
Under the provision of Act 19 of 1912, where a case is lodged in the Court of Appeal which should have been taken to the Supreme Court, the Court of Appeal will transfer the case to the Supreme Court.

Appeal from the Eighteenth Judicial District Court, Parish of Acadia. Hon. Wm. Campbell, Judge.

The sole question involved is one of jurisdiction in the Court of Appeal. The case being within the jurisdiction of the Supreme Court was transferred to it.

W. J. Carmouche, of Crowley, attorney for plaintiff.

Phillip S. Pugh and Percy T. Ogden, of Crowley, attorneys for defendant.

MOUTON, J. The appeal in this case was dismissed for the reasons given in our opinion which was rendered March 5, 1923. A rehearing was granted April 10, 1923.

In the brief of counsel for plaintiff company which accompanies the motion for a rehearing, we are referred to the case of Southern Timber and Land Company vs. Martel, 109 La. 453, 33 South. 559. In that case a demand was made against alleged trespassers of a large tract of land, but against each with respect to the subdivision of the tract which he was averred to be trespassing upon, and for the rents and revenues thereof. The court, in that case, said it "does not appear that the defendants trace title to a common author, that there is any privity or common interest between them, or that either will be affected by a judgment against the other". The court held that its appellate jurisdiction depended upon the amount or value demanded from each defendant, which the record showed fell below its minimum jurisdiction. In the concluding part of our opinion dismissing the appeal for want of jurisdiction we said: "The issue herein, involving Hornsby as principal, Webb and Bergeron as sureties, are so intimately connected that one cannot be solved independently of the other. Having no jurisdiction over the claim against Hornsby, we have none over the demand against the sureties." Here, as a result of our analysis of the case as expressed in our opinion,

we found that Hornsby, the principal, and his sureties had a common, if not an identical, interest in the issues presented for solution.

The situation in the present case is quite different from that which appeared in the case above cited, wherein the court held that there was no privity or common interest between the parties defendant. A re-examination of this case has satisfied us that the opinion rendered by us March 5, 1923, is correct, for reasons therein stated, but which we find unnecessary to repeat in support of our conclusions herein.

Counsel in his brief for a rehearing says when a party has taken his appeal in the honest belief that it "was properly taken, and the question of jurisdiction is not without its complexities", the court where it has been lodged should not dismiss it, but should, under the provisions of Act 19 of 1912, transfer the case to the court where it is thought the appeal properly lies. We believe counsel is correct in this respect and we shall comply with his demand.

It is therefore ordered that our opinion holding that we have no jurisdiction herein be reinstated, but with this modification, that the decree dismissing the appeal be recalled, and that instead of dismissing this appeal that this case be and is hereby transferred to the Supreme Court of the State of Louisiana, as provided for in Act 19 of 1912, and that the clerk of court of the parish of East Baton Rouge, without delay, transmit the record in this case to the clerk of the Supreme Court.

Appeal taken to Supreme Court under Act No. 19 of 1912, Louisiana State Rice Milling Co. vs. Hornsby.