35 So.2d 737

**SHEFFIELD .v. JEFFERSON PARISH DEVELOPERS, Inc.**

**WATTS v. SAME.**

No. 38350.

April 26, 1948.

Chaffe, McCall, Toler & Phillips and Leon Sarpy, all of New Orleans, for plaintiffs-appellants.

Leslie P. Beard, of New Orleans, for defendant-appellee.

PONDER, Justice.

Hubert S. Sheffield, individually and under a power of attorney for ten others, brought suit against Jefferson Parish Developers, Inc., alleging that the defendant had overcharged the eleven plaintiffs for rents during the period beginning September 10, 1942 and ending October 31, 1944 in amounts ranging from $83.60 to $250, each,

making a total overcharged to all the plaintiffs, combined, of $1,736.60. They seek to recover treble this amount as damages under the Emergency Price Control Act of Congress of January 30, 1942, 56 Stat. 23, 50 U.S.Code § 901 et seq., 50 U.S.C.A.Appendix, § 901 et seq.

Shelton W. Watts brought suit against the same defendant for $330, representing treble the amount of the overcharge that he alleges the defendant collected from him during the same period of time. The suits were consolidated for trial. Upon trial, the lower court rejected all the demands and the plaintiffs have appealed.

We informed counsel representing the opposing parties, on the hearing of this appeal, that we entertained serious doubt of our having jurisdiction to entertain the appeal. Counsel for the defendant at that time conceded that the jurisdiction of the appeal did not lie in this Court. Since that time, counsel for the plaintiffs has moved for the transfer of the cases to the Court of Appeal for the Parish of Orleans. He states in his motion that he is of the opinion that the jurisdiction of the appeal lies in the Court of Appeal for the Parish of Orleans.

We find, from an examination of the record, that the amount sought to be recovered by each of the plaintiffs is not sufficient to vest jurisdiction of the appeal in this Court and it is only by the consolidation or cumulation of all the claims that the jurisdictional amount of this Court is reached.

Under the provisions of Article 92 of the Code of Practice, jurisdiction cannot be created by consent of the parties. The plaintiffs do not come under Act No. 47 of 1928 because their claims do not arise out of a common transaction. Each of the plaintiffs leased different premises from the defendant under separate contracts and they have no community of interest. There was no assignment of their claims for a valuable consideration to Sheffield. The articles of the Code of Practice, Article 148, et seq., are not applicable because different plaintiffs are involved whose rights of recovery are based under different contracts. We would not have jurisdiction to entertain an appeal from a judgment based on either of the separate claims and our jurisdiction cannot be extended by lumping the claims together by consent of the parties when there is no community of interest.

For the reasons assigned, it is ordered that these consolidated cases be transferred to the Court of Appeal for the Parish of Orleans pursuant to the provisions of Act No. 19 of 1912, provided that the appellants shall file the record in that court within thirty days from the date that this decree becomes final, otherwise the appeal shall stand as dismissed.

O'NIELL, C. J., did not take part.