70 So.2d 92

HERNANDEZ et al. v. ETHYL CORP.

PORTER et al. v. ETHYL CORP. et al.

Nos. 41401, 41402.

Jan. 11, 1954.

Pitcher & Daggett, Baton Rouge, for plaintiffs-appellants.

Taylor, Porter, Brooks, Fuller & Phillips, Baton Rouge, and Tucker, Bronson & Martin, Shreveport, for defendant-appellee.

PONDER, Justice.

These suits, bearing docket Nos. 27,130 and 26,181 in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, were filed separately but by consent of the parties were consolidated for the purpose of trial in the district court with separate judgments rendered in each suit. The issues involved in both are identical and for that reason they are herewith consolidated in this Court.

In these suits several hundred employees of Ethyl Corporation brought suit for alleged overtime compensation under the Federal Fair Labor Standards Act, as amended May 14, 1947, c. 52, § 5(a), 61 Stat. 87, 29 U.S.C.A. § 216, claiming that the thirty minute meal or lunch period was compensable under that act at one and one-half (1½) times the regular rate. There was judgment in the district court in favor of the defendant and the plaintiffs have appealed. Defendant has moved to dismiss the appeals on two grounds: (1) as to all plaintiffs because it does not appear that any one of the plaintiffs are claiming an amount in excess of $2,000 exclusive of interest; and (2) as to all plaintiffs (some 395) for failure to give bond in order to perfect their appeal.

The record shows that the actions are a cumulation of numerous individual demands of amounts insufficient to confer appellate jurisdiction in this Court. It is admitted by appellants that no single claim exceeds $2,000 exclusive of interest. Their contention is to the effect that the cumulation of their demands is the determining amount in controversy.

The later and well established jurisprudence of this Court is to the effect that several plaintiffs cannot give this Court jurisdiction by cumulating their individual demands, even though each claim is based on a similar or the same cause of action. Landry v. Caffery Cent. Sugar Refinery & R. Co., 104 La. 757, 29 So. 349; State ex rel. Sumner Bldg. & Supply Co., v. Judges, 105 La. 333, 29 So. 892; State ex rel. North v. Ermon, 133 La. 952, 63 So. 479; Alessi v. Town of Independence, 142 La. 338, 76 So. 792; Sheffield v. Jefferson Parish Developers, Inc., 213 La. 799, 35 So.2d 737; State ex rel. Langlois v. Lancaster, 218 La. 1052, 51 So.2d 622; Jackson v. Perkins, 221 La. 525, 59 So.2d 708; Parker v. T. Smith & Son, Inc., 222 La. 1061, 64 So.2d 432. The failure to perfect the appeals is a question to be determined by the Court of Appeal.

Since this case is not one which falls within the classification set out in Article

7, Section 10 of the Constitution of Louisiana, this Court has no jurisdiction. Under the provisions of Act No. 19 of 1912, LSA–R.S. 13:4441, we are authorized to transfer the appeal to the proper court rather than dismiss it.

For the reasons assigned, it is ordered that these consolidated cases be transferred to the Court of Appeal, First Circuit, provided that the record is filed in that court within 30 days from the date on which this decree shall become final; otherwise the appeal shall be dismissed.