No. 3759

Second Circuit

## WINN v. SCARBOROUGH

(March 24, 1930. Opinion and Decree.)
(April 10, 1930. Rehearing Granted.)

Rusca & Cunningham, of Natchitoches, attorneys for plaintiff, appellee.

Breazeale & Hughes, of Natchitoches, attorneys for defendant, appellant.

WEBB, J. R. L. Scarborough, a judgment creditor of Sam Winn, seized a one-half undivided interest in four bales of cotton in the possession of Sam Miller on whose land the cotton had been raised by Sam Winn. Miller filed with the sheriff, the officer who made the seizure, an affidavit claiming the ownership of the property seized, but did not press his claim, and Sam Winn, brought the present action against R. L. Scarborough, the seizing creditor, and the sheriff.

Plaintiff alleged the facts above stated, and further that the four bales of cotton was the harvest of a crop which had been planted and cultivated by him on lands of and under the supervision and control of Sam Miller under an agreement that Miller would sell the crop and pay plaintiff one-half the proceeds, less such amount as plaintiff was indebted to Miller, in lieu of wages; that the amount due plaintiff was one-half of the four bales of cotton, or about $200; that he had a laborer's privilege on the crop to secure his wages, which were exempt from seizure and sale; that in order to protect his rights, it was necessary that an order issue to the sheriff to retain the proceeds of the sale of the cotton in his hands in abeyance of the further orders of the court; and plaintiff prayed for the issuance of such order, for service of process, and for judgment against R. L. Scarborough, the seizing creditor, and the sheriff, recognizing a laborer's privilege in favor of plaintiff and ordering the proceeds of the sale delivered to plaintiff without deduction for cost of sale, etc., and for general relief.

An order was issued as prayed for, and service made on defendants, who filed several exceptions which were overruled, and defendants answered, admitting the seizure and alleged that the property had been sold, and otherwise pleaded a general denial.

On trial it was shown that the property seized had sold for $140, and evidence was introduced to show the contract between Sam Miller and plaintiff, Sam Winn, and

576

judgment was rendered in favor of plaintiff against defendants, R. L. Scarborough and the sheriff, recognizing a laborer's privilege on the proceeds of the sale, after payment of the cost of sale, etc., which was $100, and ordering the sheriff to deliver same to plaintiff. Defendant appeals, and plaintiff has moved to dismiss the appeal on the ground that the amount in contest was only $100, and that the judgment of the district court was final.

The action is somewhat novel. But it is apparent from plaintiff's petition that he claims he had been employed by Miller to plant, cutivate, and harvest a crop on Miller's land, and under Miller's control and supervision, for a portion of the proceeds of the crop, and the action is to fix the amount due plaintiff and to have the same declared not to be subject to the payment of the judgment of Scarborough.

Considering the motion to dismiss the appeal with relation to the claim of plaintiff that he was an employee or laborer and that the amount due was one-half of the proceeds of the crop, the evidence showing that one-half interest in the crop sold for $140, fixed the amount due, and plaintiff's petition shows he claimed that amount. Plaintiff did not enter any remittitur, and when the cause was submitted the amount claimed was sufficient to give either party the right to appeal, and defendant could not be deprived of the right by plaintiff's acquiescing in the judgment. Norwood vs. Lake Bistineau Oil Co., 145 La. 823, 83 So. 25.

On the merits the cause suggests a number of questions, but as we understand appellant concedes that the judgment is correct if plaintiff was an employee of Miller and not a lessee, we consider only this question.

In support of the position that Winn was a lessee, reference is made to the decision in Louisiana Farm Bureau vs. Clark, 160 La. 294, 107 So. 115, and Louisiana Farm Bureau vs. Bannister, 161 La. 957, 109 So. 776, in which cases, it is suggested, it was held that whenever the agreement is that a person cultivating a crop on land of another shall receive a portion of the crop or its proceeds, the contract must be held to be a lease and the person cultivating the crop a lessee, in the absence of an agreement that he should receive tne portion of the crop or its proceeds in lieu of wages.

As we understand, the question of control is the determining factor in such cases (Swain vs. Kirkpatrick Lumber Co., 143 La. 30, 78 So. 140, 20 A. L. R. 665), and we do not read the decisions referred to as holding that it is essential that the parties should agree that the portion of the crop or its proceeds to be received by the person cultivating the crop should be received in lieu of wages, or even that such a stipulation would affect the matter where the facts were that the owner of the land had control and supervision of the work. But whatever should be the construction to be placed upon the agreement where the person cultivating the crop is to receive a portion thereof and there is not any evidence showing who had control and supervision or other facts or circumstances showing the nature of the contract, in the present instance it was admitted that plaintiff was to receive a portion of the proceeds of the crop, and we are of the opinion that such fact shows he was an employee of Miller and not a lessee. Bres & O'Brien vs. Cowan, 22 La. Ann. 438; Lalanne Bros. vs. McKinney, 28 La. Ann. 642.

The judgment is therefore affirmed.