For the reasons assigned the judgment is affirmed.

O'NIELL, C. J., takes no part.

**39 So.2d 840**

**NASH v. CURETTE et al.**

No. 39313.

March 21, 1949.

Vincent Moseley, of Opelousas, for appellant.

Seth Lewis, of Opelousas, for appellees.

O'NIELL, Chief Justice.

The plaintiff is appealing from a judgment dismissing his suit after trial of the case on its merits. The defendants have moved to dismiss the appeal, urging five grounds, namely: (1) That in the motion for the appeal the appellant asked to have the appeal made returnable to the court of appeal, and that in the order granting the appeal the judge made the appeal returnable accordingly, and that the clerk of the district court without authority from the judge afterwards changed the order by striking out the words "court of appeal for the Parish of St. Landry, Louisiana", and substituting therefor the words "Hon. Supreme Court of the State of Louisiana"; (2) That the motion for the appeal was made, not in open court, but at chambers and that the order of appeal was granted at chambers and that the appellant did not ask for a citation and neither of the appellees was cited or waived citation to answer the appeal; (3) That the value or amount in contest is not sufficient to bring the case within the appellate jurisdiction of the supreme court; (4) That the appeal bond was not properly signed; and (5) That the amount of the bond was not fixed in the order granting the appeal nor is it fixed by law.

The defendants, appellees, have attached to their motion to dismiss the appeal a photostatic copy of the original typewritten motion and order of appeal, which photostatic copy is certified by the clerk and shows that the motion and order of appeal originally made the appeal returnable to the court of appeal, and that after the order was signed by the judge the clerk of the district court changed the order so as to make the appeal returnable to the supreme court instead of the court of appeal. The clerk of the district court furnished to the appellees in this case a certificate which they have attached to their motion to dismiss the appeal, in which certificate the clerk certifies that he made the corrections in the order of appeal at the request of the attorneys for the appellant.

◼◼◼◼ As far as the first ground on which the appellees move to dismiss the appeal is concerned, it will be necessary to remand the case to the district court to receive evidence to allow the appellant to correct his error. · Our main reason for giving the appellant this opportunity to correct the error made in naming the court to which the appeal has been made returnable is that the appeal is only a devolutive appeal, after all; and the taking of the appeal is well within the year allowed for a devolutive appeal. When the plaintiff in a case appeals from a final judgment dismissing a suit in which he has not been granted any relief, the appeal is not a suspensive appeal because there is no execution for the appeal to suspend. In such case the appeal is only a devolutive appeal, no matter what the appellant sees fit to call it. See Thompson v. Jones, 200 La. 437, 8 So.2d 286.

Adverting now to the second ground for the motion to dismiss, the clerk of court furnished the appellees a certificate saying that the motion and order for the appeal were granted at chambers, but he afterwards furnished the appellant an affidavit declaring that his reason for having certified to the appellees that the motion and order of appeal were made at chambers was that he had not found a minute entry of either the motion or the order of appeal. The clerk further declared in his affidavit that the motion for the appeal was a written motion and that it was not the custom in his court to make a minute entry when the motion and order of appeal were made in writing. The clerk therefore declared, finally, in his affidavit that from his subsequent investigation he found that he was not justified in certifying that the motion and order of appeal were made at chambers, or not in open court.

◼◼◼◼ Inasmuch as the case will have to be remanded to the district court for proof of the facts and circumstances concerning the taking of this appeal, the appellant will have an opportunity to show whether the appellees were entitled to have service made of a citation of appeal. ·

Referring now to the appellees' motion to dismiss the appeal for want of appellate jurisdiction, we would be obliged not to dismiss the appeal for that cause, but to transfer the case to the court of appeal if the cause were well founded. So far as the allegations of the plaintiff's petition go, the amount in contest appears to be far above the minimum amount of our appellate jurisdiction. If, after hearing the case on its merits, we have a doubt as to whether the amount in dispute is exaggerated, we will decide then whether the case should be transferred to the court of appeal or should be decided finally by this court. Meanwhile the case will be remanded to the district court to determine which court will have appellate jurisdiction.

There is no merit in the appellees' complaint that the appeal bond was not properly signed. It was signed by the plaintiff as principal and by his attorney as surety.

As we stated at the outset, the fifth and last complaint in the motion to dismiss the appeal is that the amount of the bond is not fixed in the order of the judge granting the appeal and is not determined by any statute or formula prescribed by law. As we pointed out in our discussion of the first ground urged for dismissing the appeal, this is only a devolutive appeal and according to the provisions of article 578, of the Code of Practice, the trial judge should have fixed the appeal bond at an

estimate of the costs of court. But the amount of the appeal bond furnished by the appellant which is above any possible estimate of the costs of court is $4,474.31. This case is therefore controlled by the decision rendered in Redon v. Armstrong, 211 La. 165, 29 So.2d 708. In that case the appellant furnished an appeal bond in the amount of $5,000, in accordance with the order granting the suspensive appeal. The appellee questioned the solvency of the surety and the trial judge found the surety to be solvent only to the extent of $2,000. No additional security was furnished and the appellee moved to dismiss the appeal. The court held that the appellant was not entitled to a suspensive appeal, but sustained the appeal as a devolutive appeal because the surety furnished was obviously sufficient to secure the payment of all of the costs of court.

Since this opinion was written, or just at this stage of it, the appellant has filed in this court a motion labeled "A Motion to Remand Transcript for Completion." In view of the disposition which we have made of the motion to dismiss the appeal, we do not find it necessary to take further action upon the so-called motion to remand the transcript for completion.

The case is ordered remanded to the district court for further proceedings consistent with the views expressed in this opinion.