HAWTHORNE, Justice.
 

 Plaintiff instituted this suit, praying to be recognized as the true and lawful owner of a small tract of land (containing approximately one-half acre) situated in the Parish of St. Landry. In his petition he also prays for damages in the sum of $2500 against one of the defendants for false arrest and imprisonment, which it is alleged grew out of the dispute over the ownership of the property. He also prays for damages in unspecified amounts for rent of the property while in the possession of the defendants and for their destruction and removal of a fence erected on the alleged property line, and prays for the removal from the premises at the expense of one of the defendants of a small building he erected thereon.
 

 From a judgment dismissing plaintiff’s suit at his costs he has appealed to this court, and the case is now before us on its merits.
 

 This case has been considered by this court on two prior occasions on motions to dismiss the appeal. See Nash v. Curette, 215 La. 109, 39 So.2d 840, 842; Id., 216 La. 190, 43 So.2d 262. In each of these cases with reference to the appellate jurisdiction of this court we said that “ * * * If, after hearing the case on its merits, we have a doubt as to whether the amount in dispute is exaggerated, we will decide then whether the case should be transferred to the court of appeal or should be decided finally by this court.. * * * ” From our examination we are convinced that plaintiff’s claim is grossly exaggerated, and that this appeal is not within the jurisdiction of this court.
 

 Plaintiff in his petition values the property in dispute at the sum of $100, and there is some evidence by one of his witnesses that it is worth approximately $50. Plaintiff also alleges that the building erected thereon by one of the defendants is worth approximately $200. He does not name any specified amount for any of the other damages claimed, with the exception of damages for false arrest and imprisonment. The petition contains the general allegation that one of the defendants did “ * * * swear out a warrant for ‘Criminal Trespassing’ against petitioner and did cause his arrest and false imprisonment to his great humiliation, mental suffering and damage to his reputation as a law abiding citizen of the community * *
 

 The lower court restricted the trial of the case to the issue of title to the property, and there is no evidence in the record as to plaintiff’s claim for damages for false arrest and imprisonment. The value of the property in dispute is far below the appellate jurisdiction of this court, and, even if we should concede that plaintiff
 
 *794
 
 was correct in cumulating his petitory action and his claim for damages for his alleged false arrest and imprisonment, and that the amount of both claims should he cumulated in determining our appellate jurisdiction, we are still of the opinion that this court is without appellate jurisdiction, and that this appeal should be transferred to the Court of Appeal, First Circuit.
 

 A few months prior to the institution of the present suit, plaintiff filed a boundary suit against these defendants, making the identical allegations growing out of the same facts and circumstances, and asking that he be awarded damages for false arrest and imprisonment in the sum of $1000. That suit, which was dismissed on exception of no cause or right of action, was made a part of the record in this case. There is nothing in the record before us to explain the discrepancy between the amounts of damages claimed in these two suits.
 

 As to plaintiff’s claim for damages in unspecified amounts for rent, etc.; there is nothing in the record to show that these items would be sufficient to bring the amount in dispute within the jurisdictional amount of this court.
 

 It is well settled in the jurisprudence of this state that a plaintiff’s allegations as to the amount in dispute will not control in determining the appellate jurisdiction of this court where the nature of the case, as disclosed by the record, is such that an award in plaintiff’s favor could not exceed our minimum jurisdiction of $2000.00. See Bensel v. Kuhlman, 154 La. 150, 97 So. 347; Guidry v. Breaux, 158 La. 1002, 105 So. 43; Trahan v. Breaux, 212 La. 459, 32 So.2d 845.
 

 Further, it is well settled that, where the allegations of damages are evidently exaggerated, they will be disregarded by this court in passing upon the question of jurisdiction. Quaglino v. Curren, 127 La. 126, 53 So. 464; French v. Trout Creek Lumber Co., 141 La. 18, 74 So. 575; Wagner v. New Orleans Ry. & Light Co., 151 La. 400, 91 So. 817; Buck v. Latimer, 151 La. 883, 92 So. 372; Lo Cicero v. Societa Italiana Di M. B. Christoforo Columbo, 151 La. 887, 92 So. 373; Buttner v. Palmisano, 152 La. 587, 93 So. 880; Walsh v. Bush, 206 La. 303, 19 So.2d 144.
 

 For the reasons assigned, this case is ordered transferred to the Court of Appeal, First Circuit, provided that the record shall be filed in that court within 30 days from the date on which this decree shall become final; otherwise the appeal shall he dismissed. The appellant is to pay the costs of this appeal to the Supreme Court; all other costs shall awaii the final disposition of the case.