McCALEB, Justice.
Plaintiffs, the owners of Lots E and F of Plot 1, Metairie Lawn, Jefferson Parish, brought this suit against Mrs. Henry L. Zander and her children, their adjoining proprietors, to compel the removal of a fence (consisting of iron pipes, varying from 18 to 24 inches in height and spaced 8 feet apart, through which has been interlaced a single strand of chain running through an eyelet at the top of each pipe) which was erected by defendants on the Metairie Shellroad side of plaintiffs’ property, running parallel therewith. Plaintiffs contend that defendants were without authority to> place the fence in its present location for the reason that the land on which it stands is public property, having been dedicated by the late Henry L. Zander (deceased husband'and father of defendants) at the time he subdivided the tract, known as “Metairie Lawn”, for residential purposes. In addition to a prayer for recognition of this land as public property and for a mandatory injunction commanding defendants to remove the fence therefrom, plaintiffs aver that the fence has damaged their property in excess of $4,000, and demand judgment in that amount.
The defendants denied plaintiffs’ claims in their answers and, after a hearing below, the suit was dismissed. Plaintiffs appealed.
We find that we are without 'jurisdiction of the case., Whereas, plaintiffs allege that the presence of the fence on the adjoining land, which they assert to be public, has damaged their property in excess of $4,000, no details are given as to the elements of the claim. The proof submitted in support thereof consists merely of statements of two of the plaintiffs that their residence is worth $23,000 and that the erection of the small fence on the adjoining land has reduced the resale value to $18,000 or $19,000. Obviously, these speculations, uncorroborated by factual estimates, exhibit the highly inflationary quality of the demand. Allegations of damages contained in a petition are not necessarily the criteria of the amount in contest. Indeed, where it is clear, either from the nature of the case or the proof submitted, that an award in plaintiffs’ favor could not exceed $2,000 (in cases in which our appellate jurisdiction is dependent on the amount in dispute), the court will not entertain the appeal. Bright v. Thompson, 38 La.Ann. 801; Lea v. C. A. Orleans, 46 La.Ann. 1444, 16 So. 456; Nick v. Bensberg, 123 La. 351, 48 So. 986; Bloomfield v. Thompson, 133 La. 209, 62 So. 634; Walsh v. Bush, 206 La. 303, 19 So.2d 144, and Trahan v. Breaux, 212 La. 459, 32 So.2d 845.
Accordingly, it is ordered that this case be transferred to the Court of Appeal for the Parish of Orleans, transfer to be made within 30 days after this decree has become final, otherwise, the appeal is to> be dismissed. Plaintiffs are to pay the costs of appeal to this court.