60 So.2d 86

## MITCHELL v. SHREVEPORT LAUNDRIES, Inc. et al.

### No. 38625.

June 2, 1952.

Rehearing Denied July 3, 1952.

See 61 So.2d 539.

Blanchard, Goldstein, Walker & O'Quin, Shreveport, for defendant-appellant.

Thomas M. Comegys, Jr., Shreveport, for plaintiff-appellee.

LE BLANC, Justice.

This is a suit brought by Thomas J. Mitchell against the Shreveport Laundries, Inc., in which the demand is for the sum of $2,527.50. Plaintiff left a suit of clothes, in which he intended to be married, at the laundry establishment of defendant, for the purpose of having same cleaned and pressed. The suit of clothes, valued at $27.50, was subsequently lost and plaintiff was forced to be married in a suit which he claims was spotted and unkempt, causing him considerable embarrassment. He seeks to recover $2,500 as damages for the mental anguish, embarrassment and humiliation he thereby suffered and $27.50, the value of the suit of clothes.

Plaintiff asked for and obtained an order for a trial by jury. Upon answer having been filed by the defendant, the case was heard by a jury which rendered a verdict in his favor in the sum of $350 for damages and $27.50 for the suit of clothes. The verdict was approved by formal judgment from which an appeal was taken by defendant, to this court.

In view of the amount of the plaintiff's demand counsel for defendant no doubt thought they had no alternative but to appeal to this court but upon examining the record and considering the nature of the demand, we are definitely of the opinion that it is obviously inflated and cannot be made the subject of appeal here.

A case of somewhat similar import is that of Lewis v. Holmes, 109 La. 1030, 34 So. 66, 61 L.R.A. 274, in which an award of $575 was allowed as damages to a bride for her disappointment at the defendant's failure to have delivered in time for her wedding, as contracted for, several dresses she would need for occasions and parties incident to the wedding. There's no impropriety in saying that a bride's disappointment and humiliation under such circumstances is more keen than that of the groom. She is generally considered the one who attracts attention and whose attire causes the admiration of her friends, not only at the wedding itself but at parties incident thereto as well. Taking this into consideration therefore, it should be expected that a bride would be entitled to greater damages than a groom in cases of this character and if the recovery in that case was limited to $575 it is evident that a demand of $2,500 as made in this case is grossly exaggerated. True, the cited case was decided in 1903, nearly fifty years ago, but even were the amount awarded to be trebled it would still fall short of the amount by which the jurisdiction of this court is fixed under Article 7, Section 10 of the Constitution of 1921.

It is well settled that a plaintiff's allegations as to the amount in dispute will not control in determining the appellate jurisdiction of this court where the nature of the case, as disclosed by the record, is such that an award in plaintiff's favor could not exceed our minimum jurisdiction of $2,000. Nash v. Curette, 218 La. 789, 51 So.2d 71; Trahan v. Breaux, 212 La. 459, 32 So.2d 845 and cases cited therein. It is equally well settled that where the allegations of damages are evidently exaggerated, they will be disregarded by this court in passing upon the question of jurisdiction. Nash v. Curette, supra.

The case will accordingly be transferred to the Court of Appeal for the Second Circuit under the provisions of Revised Statutes LSA–R.S. 13:4441; the transcript to be filed in that court within thirty days from the date on which this decree becomes final; otherwise the appeal will be dismissed. Cost of this appeal to be borne by the defendant-appellant. All other costs to await the final outcome of the suit.

On Application for Rehearing.

PER CURIAM.

Defendant-appellant in its application for rehearing points out that its appeal was taken to this court because the amount claimed as damages by the plaintiff-appellee was in excess of our minimum appellate jurisdictional amount of $2,000, and it contends that, since we found the amount

claimed by the plaintiff to be highly exaggerated and accordingly transferred the appeal to the Court of Appeal, we were in error in assessing applicant with the costs of appeal in the Supreme Court.

We are of the opinion that there is merit in applicant's contention, and we have therefore concluded to assess the costs of appeal in this court to plaintiff-appellee. In all other respects our former decree is to remain in full force and effect.

Rehearing denied.