63 So.2d 9

**TENNESSEE GAS TRANSMISSION CO. v. WILLIAMS.**

No. 39501.

Jan. 12, 1953.

Dhu Thompson and Lea S. Thompson, Monroe, for appellant.

Lemuel C. Parker, W. Crosby Pegues, Jr., D. Ross Banister, Philip K. Jones and Joseph A. Loret, Baton Rouge, for amici curiae.

Shotwell & Brown, Burt W. Sperry, Monroe, for plaintiff-appellee.

HAWTHORNE, Justice.

Plaintiff, Tennessee Gas Transmission Company, instituted this suit against James Olen Williams seeking to acquire by expropriation a right of way 50 feet in width over and across defendant's 10-acre tract of land in the Parish of Ouachita, Louisiana. On this right of way, .43 of an acre in area, the plaintiff proposed to lay a 30-inch high pressure gas line.

Defendant in his answer prayed that he be awarded the sum of $2,900 in the event the plaintiff was successful in its demand, and itemized this amount as follows:

| | |
|---|---|
| "For Property Taken | $ 500.00 |
| For Timber and Growth on such strip | 500.00 |
| Damage and Depreciation of Defendant's property and its value | 1,500.00 |
| Cost and Expenses, including attorney's fees herein, and caused by such taking | 400.00 |
| Total | $2,900.00" |

After trial on the merits the lower court allowed the expropriation and awarded defendant $500 for the right of way and all damages suffered. From this judgment defendant has appealed to this court.

We are of the opinion that this court is without appellate jurisdiction, and that this appeal should be transferred to the Court of Appeal, Second Circuit. Although defendant claimed that he should be awarded the sum of $2,900, such an allegation will not control in determining the appellate jurisdiction of this court where the nature of the case as disclosed by the record is such that the award could not exceed $2,000 and be within our jurisdiction. Nash v. Curette, 218 La. 789, 51 So.2d 71; Givens v. Town of Ruston, 219 La. 672, 53 So.2d 833; Collins et al. v. Zander et al., 221 La. 275, 59 So.2d 188; Jackson v. Perkins, 221 La. 525, 59 So.2d 708; Mitchell v. Shreveport Laundries, Inc., 221 La. 686, 60 So.2d 86.

The record discloses a great divergence in the testimony of plaintiff's and defendant's witnesses as to the value of the property taken and the amount of damages suffered by the defendant. The highest value placed by any of plaintiff's witnesses on the property taken, including the timber thereon as well as depreciation to the remainder of the tract, was less than $200. Defendant's witnesses, on the other hand, placed a much higher value on these various items, and one witness indicated that the damage and depreciation would exceed $3,500. Defendant himself valued his land at $500 per acre and claimed this full amount for the land taken although only .43 of an acre was to be acquired as the right of way. He testified as to his total claim: "I claim Two Thousand Dollars, but that is only inclusive of the Five Hundred dollars that would pay for the strip and the other Fifteen hundred I estimated it at the total depreciation in my own judgment for my property as a whole, and their privileges for an ingress

and an egress through my property, which certainly isn't any small matter in my consideration." Defendant has abandoned his contention, and rightly so, that he is entitled to the sum of $400 itemized by him as cost and expenses including attorney's fees.

After considering the entire record, we have concluded that, although defendant may be entitled to recover an amount in excess of that awarded him by the lower court, he cannot reasonably expect to recover an award in excess of $2,000 so as to confer appellate jurisdiction on this court.

For the reasons assigned, this case is ordered transferred to the Court of Appeal, Second Circuit, provided that the record shall be filed in that court within 30 days from the date on which this decree shall become final; otherwise the appeal shall be dismissed. The defendant-appellant is to pay the costs of the appeal to the Supreme Court.