64 So.2d 243

**MAXFIELD et al. v. GULF STATES UTILITIES CO., Inc.**

No. 40328.

March 23, 1953.

Porter & Stewart, Lake Charles, for defendant-appellant.

Carmouche, Martin & Wilson, Lake Charles, for plaintiff-appellee.

HAMITER, Justice.

In the spring of 1936 the defendant, Gulf States Utilities Company, Inc., erected an electric power line, 1053.5 feet in length, on and along the western edge of plaintiffs' tract of land then situated a short distance from the corporate limits of the City of

Lake Charles. At the time both plaintiffs and defendant thought that the line, consisting of four tall poles that supported four wires strung along cross arms, was being placed in a public road known as Lake Street which adjoined and paralleled the property on its west.

After the land had been annexed to the City of Lake Charles, and while it was being surveyed in the summer of 1949 for subdivision purposes, the line's encroachment thereon was discovered and ascertained to be as follows: The northernmost pole one foot, second pole two feet three inches, third pole two feet eleven inches, and fourth pole three feet seven inches. Thereupon, plaintiffs requested the removal of the line.

Defendant refused to comply with the request, and plaintiffs instituted this suit in which they prayed for a judgment in the sum of $3200 "for the reasonable value of the use and occupancy of petitioners' property up to the date of filing this suit" and the further sum of $125 per month as rental as long thereafter as defendant occupies the property.

To the action defendant pleaded specially the prescriptions of one, three and ten years. Answering, it averred that by virtue of the prescription of ten years a servitude across the western end of the property had been acquired. It prayed that the demands of plaintiffs be rejected.

The district court, after trial, overruled the pleas of prescription and rendered judgment in plaintiffs' favor for $1300. Of this amount, as the written reasons for judgment disclose, $500 was for the value of the servitude taken and $800 represented damages to, or a reduction in the value of, plaintiffs' remaining property resulting from the erection and maintenance of the four poles (at the rate of $200 each).

From the judgment defendant appealed to this court, urging that the pleas of prescription should have been sustained. Alternatively, it contends that the amount awarded is excessive, irrespective of whether the property's value to be considered is that of 1936 (when the line was erected) or that of 1950 (after the encroachment was discovered and the suit instituted).

Plaintiffs neither appealed nor filed answer to defendant's appeal.

Since the defendant is a public utility corporation having the power of expropriation plaintiffs' right of action with respect to the establishment and maintenance of the power line in question is limited to a claim for compensation or damages. Gumbel v. New Orleans Terminal Co., 186 La. 882 and 190 La. 904, 173 So. 518 and 183 So. 212, Jenkins v. Cities Service Refining Corporation, La.App., 44 So. 2d 719. Moreover, from the record as made up it is evident that the compensation or damages recoverable herein cannot possibly exceed $2000 and, thus, come within the amount required to be in contest in cases of this nature for vesting this court with jurisdiction. And it follows that

we are without authority to entertain the appeal.

Of course, plaintiffs demanded in their petition a sum in excess of $3200. But they did not produce in support of the demand any evidence to show the value of the right of way or servitude taken or to prove any particular or specific damage to the remainder of the property. They offered only the testimony of one of their group, who is not a real estate broker, to the effect that the subdivision lots located along and beneath the power line had not sold, as a result of which he thought a price reduction of a few hundred dollars on each lot would be necessary, whereas other lots in the subdivision not similarly situated had sold at the price originally fixed for them. This asserted reduction in value, obviously, is largely speculative. The lots so sold up to the time of the trial in November, 1950, the record discloses, numbered only four in all of a total of thirty-four lots in the subdivision, the sale of the first of which having occurred in July, 1950.

Defendant, on the other hand, produced two real estate brokers, thoroughly familiar with the subdivision, who testified that the property taken as a servitude was valued considerably less than $2000, as of 1950 as well as of 1936; and they expressed the opinions that no damage whatever had resulted to that which remained. Furthermore, as shown above, plaintiffs have not asked for an increase of the district court's

award of $1300; rather, the brief of their counsel discloses "that such an award of damages was both justified and reasonable and should be affirmed."

Pertinent to the jurisdictional question under consideration are several recent decisions of this court. In Collins v. Zander, 221 La. 275, 59 So.2d 188, which was a suit for damages allegedly resulting to plaintiffs' property from the erection of a fence, the following was said:

"We find that we are without jurisdiction of the case. Whereas, plaintiffs allege that the presence of the fence on the adjoining land, which they assert to be public, has damaged their property in excess of $4,000, no details are given as to the elements of the claim. The proof submitted in support thereof consists merely of statements of two of the plaintiffs that their residence is worth $23,000 and that the erection of the small fence on the adjoining land has reduced the resale value to $18,000 or $19,000. Obviously, these speculations, uncorroborated by factual estimates, exhibit the highly inflationary quality of the demand. Allegations of damages contained in a petition are not necessarily the criteria of the amount in contest. Indeed, where it is clear, either from the nature of the case or the proof submitted, that an award in plaintiffs' favor could not exceed $2,000 (in cases in which our appellate jurisdiction is dependent on the amount in dispute), the court will not entertain the appeal. * * *"

In the right of way expropriation proceeding styled Tennessee Gas Transmission Co. v. Williams, 222 La. 594, 63 So.2d 9, this court observed:

"We are of the opinion that this court is without appellate jurisdiction, and that this appeal should be transferred to the Court of Appeal, Second Circuit. Although defendant claimed that he should be awarded the sum of $2900.00, such an allegation will not control in determining the appellate jurisdiction of this court where the nature of the case as disclosed by the record is such that the award could not exceed $2000.00 and be within our jurisdiction. * * *"

The court in Jackson v. Perkins, 221 La. 525, 59 So.2d 708, 710, after pointing out that the plaintiff Brown had recovered in the district court a judgment for $1588.45, commented in part as follows:

"In this connection, it is significant that neither this plaintiff nor any of the other plaintiffs appealed or answered the appeal praying that the amount awarded each of them be increased, and this is a fact which can properly be considered by this court in determining whether plaintiff Brown's claim is exaggerated. * * *

"Under the established jurisprudence of this court it is well settled that, where a plaintiff's claim obviously is exaggerated, it may be disregarded in

determining the amount in dispute. * * *"

Therefore, it is ordered that this cause be transferred to the Court of Appeal, First Circuit, pursuant to the provisions of LSA-R.S. 13:4441 and 13:4442, the record to be filed in such court by appellant within thirty days from the date on which this decree shall become final; otherwise the appeal shall stand dismissed. Appellant shall pay the costs of the appeal to this court, and all other costs shall await final disposition of the case.