LOTTINGÉR, Judge.
. This is a suit wherein petitioners seek damages for the unlawful destruction of certain large and valuable trees. The damages claimed are in the sum of $3,000, and were a' result of the defendant cutting a right of way for electric lines through the property of petitioners.. The Lower Court awarded damages in the sum of $1,950. The defendant appealed seeking reversal of the judgment below, and, in the alternative, alleging that the damages were excessive. The petitioners answered the appeal asking for an increase in the damages awarded.
When this case came up for oral argument before this court we questioned the jurisdiction of this court ex proprio motu due to the nature of the demand and the amount in controversy when the case was submitted to the Lower Court. We then informed counsel for appellant that no doubt the case would be transferred to the Supreme Court of Louisiana but advised counsel for both sides they could proceed with their argument as to the merits of the case. No further argument was made and the case was submitted. Since then, however, counsel for appellees have filed a motion in this court wishing to withdraw the answer to the appeal filed herein and asking that the case be reassigned on a docket to be heard at a later date.
Article 7, Section 10, of the Louisiana Constitution of 1921, LSA, provides in part as follows:
“It (the Supreme Court) shall have appellate jurisdiction in civil suits where the amount in dispute, or the *146 fund to be distributed, irrespective of the amount therein claimed, shall ex-' ceed two thousand dollars exclusive of interest, except in suits for damages for physical injuries to, or for the death of a person, or for other damages sustained by such person or his heirs or legal representatives, arising out of the same circumstances; * * * 93
In the instant case, the alleged damages are solely for destruction of property, and does not include personal injuries. The jurisprudence of this State is to the effect that the “amount in dispute” for determining appellate jurisdiction of the Supreme Court shall be that amount involved when the suit was submitted to the Lowe'r Court. In Benedito v. A. Gagliano, Inc., La.App., IS So.2d 402, 404, the Court said:
“There is no doubt that when the controversy was submitted to the District Court, and when this appeal was taken, the validity or invalidity of the contract was at issue, and, in determining the court to which an appeal must be taken, we .must consider the situation as it existed at the time at which the matter was submitted below. See Hanover Fire Insurance Co. v. Southern Amusement Co., Inc., 176 La. 631, 146 So. 316, in which the Supreme Court said: ‘ * * * It is the amount remaining in dispute when the district court has to decide the case that determines whether the case is appealable to the Supreme Court or to the Court of Appeal. * * * ’ ”
See also Grayson v. Lyons, Prentiss & McCord, La.App., 66 So.2d 396; Givens v. Yazoo & M. V. R. Co., 173 La. 372, 137 So. 66 and cases therein cited.
It further appears to be the well settled jurisprudence of this state that the appealable status of a case is uneffected by any effort or act designed to reduce the amount involved in the case after passed on by the judge or jury of the Lower Court, or, in other words, the plaintiff is not permitted to fix appellate jurisdiction by entering a remittitur after the Lower Court has rendered judgment. Riley "v. Heard Motor Co., La.App., 58 So.2d 268; Shreveport Laundries, Inc., v. St. Paul-Mercury Indemnity Co., La.App., 169 So. 353..
As was said by the Supreme Court in the case of Givens v. Yazoo & M. V. R. Co. cited supra [173 La. 372, 137 So. 67]:
“It is settled also ‘beyond the possibility of doubt that although in- an ap-pealable case, the plaintiff may render the cause unappealable by making a remittitur before judgment, still he can not do so after judgment’ or verdict,”
It appears from plaintiffs’ motion filed in this court, by the withdrawing of the answer, that they wish to acquiesce in the judgment rendered by the Lower Court. This in our opinion would still not deprive the appellant of his appeal to the Supreme Court. See Winn v. Scarborough, 13 La. App. 575, 127 So. 91.
 Appellant contends that the damages claimed herein by the plaintiffs are grossly exaggerated and for that reason we. should assume jurisdiction of this appeal. Considering the amount awarded by the District Court it is clear that the sum claimed by the petitioners was not manifestly inflated. Furthermore we note that the Lower Court fixed the quantum of damages for the total destruction of one live oak tree at the sum of $750 and for the total destruction of one pecan tree at the sum of $400 and for the mutilation of two live oak trees at the sum of $400 each making the total sum of $1,950. We note however in the testimony where one of the witnesses of the plaintiff testified and it is uncontra-dicted that there was one big pecan tree and two large oak trees cut down and two oak trees mutilated. Therefore, according to his testimony, it would appear that there were two large oak trees cut down instead of one as found and awarded by the Lower Court, and if- that is true, that would increase the amount of the judgment $750 more as that is the amount fixed by the Lower Court for the destruction of one oak tree. Under those circumstances we do not *147 believe that the amount claimed by the plaintiffs herein is exaggerated and in view of the fact that we elect to transfer this case to the Supreme Court of Louisiana under LSA-R.S. 13:4441 we will not disturb appellee’s answer to this appeal.
.As the amount in dispute for property damages herein is in excess of the sum of $2,000, this appeal should have been lodged with the Supreme Court.
It is therefore ordered, adjudged and decreed that this appeal be, and it is hereby, transferred to the Supreme Court of Louisiana, to be disposed of according to law, the transfer to be made within sixty days after this judgment becomes final, and if not so made, then the appeal is to be deemed dismissed. Appellants to pay the costs of appeal in this court; the remaining costs to await final determination of the matter.
Transferred to Supreme Court.