LOTTINGER, Judge.
This is an action for damages caused plaintiffs’ building as a result of water which escaped from the pipes or valve of an air conditioning unit which was being installed in the office of an upstairs tenant of plaintiffs. The original petition alleged that the water escaped from the unit during its installation “because of the manner in which the air conditioner was being installed.” Joined as defendants are the Brock Furniture Company, a partnership which was engaged in installing the unit, and the latter’s liability insurer, the Aetna Casualty and Surety Company.
The defendant filed exceptions of no right or cause of action, misjoinder and nonjoinder of parties defendant and vagueness. It appears that after argument, the exceptions of no right or cause of action were overruled and that the exception of vagueness was sustained, counsel for plaintiff being given ten days within which to' amend his petition. We cannot find where any disposition was ever made of the ex *445 ception of misjoinder and nonjoinder and as the issue has not been raised on this appeal, presume that it has been abandoned.
Following the trial judge’s ruling on the exception of vagueness, the petition was amended reciting that the water escaped because of the faulty and negligent manner in which the air conditioning unit was being installed. In addition, the doctrine of res ipsa loquitur pleaded. Further, the alleged damages and costs of repair was set out in more detail. The defendant then answered denying that the doctrine of res ipsa loqui-tur was applicable for the following reasons :
“a. That the air conditioning unit and its plumbing equipment was under the joint control of plaintiffs and their lessee and not under the control of either of the said defendants, their agents or employees at the time of said alleged accident.
“b. That the said equipment was installed in a workmanlike manner using modern means and protective devices in general use at the time of said alleged accident.
“c. That said alleged accident was caused or could have been caused by ‘Vice Major’ or ‘Act of God’ and/or a latent defect in said valve unknown to defendants, their agents or employees.
“d. That defendants had no control over the premises where the accident happened and the damages may have resulted from a cause over which defendants had no control.
“e. Contributory negligence of plaintiffs and their agents and lessee and/or other causes unknown and beyond the control of your defendants herein.”
In addition to the above and foregoing, the defendants also pleaded contributory negligence on the part of the plaintiffs as well as the doctrine of assumption of risk. After trial on the merits in the Court below,- Judgment was rendered in favor of the plaintiffs in the amount of $800 and the matter is now before us on a suspensive appeal taken by the defendants.
At first blush we were concerned with our jurisdiction in the matter because of the fact that the petition prayed for the sum of $2,500, being the alleged amount that it would cost to repair the floor of the second story and ceiling of the first floor. A reading of the record, however, discloses that the amount awarded by the trial judge, that is, the sum of $800, represented the amount actually spent by the plaintiffs to repair the building and as no appeal has been taken by the latter from this judgment, we feel satisfied that the amount demanded originally was inflated and hence we have jurisdiction. See Mitchell v. Shreveport Laundries, 221 La. 686, 60 So.2d 86.
The record discloses that the air conditioning unit was being installed by the defendant furniture company in the office of a Dr. Harberson, one of the upstairs tenants of the plaintiffs. The record further shows that the upstairs portion of the building was under lease to three tenants and that the ground floor was under lease to a bank. It is also clearly shown that -the installation of the unit had not been completed and we think that it can be fairly said that no one other than the Brock Furniture Company had anything whatever to do with the unit. While counsel for defendants contend that the doctrine of res ipsa loquitur is not applicable to this case, we feel that this is just such a situation where the doctrine should be applied. We find a striking similarity between the case at bar and the situation which was presented to the Supreme Court in Plunkett v. United Electric Service, 214 La. 145, 36 So.2d 704, 708, 3 A.L.R.2d 1437, wherein the court made the following observations:
“This makes necessary a consideration of the litigation in the light of the doctrine of res ipsa loquitur, relied on alternatively by appellees and applied by the district court in rendering its decision. This doctrine furnishes a *446 rule of evidence, the applicability of which is to be determined on the conclusion of the trial. Gerald v. Standard Oil Company of Louisiana, 204 La. 690, 16 So.2d 233. It is appropriate in a case where the plaintiff cannot be expected to have any information as to the causes of the accident, whereas the defendant, on the contrary, must be assumed to be fully informed on the subject, and further where the accident, is of the kind which ordinarily does not occur when due care has been exercised. In such a case the plaintiff need neither allege nor prove the particular acts of omission or commission from which the accident resulted. The accident itself, according to the rule, creates an inference of negligence, and. to escape liability the defendant- must rebut and overcome the inference. (Cases cited.)
“In determining the applicability of the doctrine the courts often resort to the possession test, i. e., whether or not the instrumentality allegedly causing the accident was at the. time in the exclusive possession and control of the defendant. (Cases cited.) • ,
“But the fact of possession and control by the defendant is not always an essential element. The doctrine has been held to be applicable in numerous actions where the offending articles were not possessed and controlled by the defendants on the occurrence of the accidents, such as those for damages- resulting from exploding bottles of carbonated beverages, from leakage of drums of acid, and from the blowout of a plug in a cylinder of acetylene gas. Important though in actions of this class is that, the plaintiff prove freedom of fault on the part of all through whose hands the instrumentality passed after it left the defendant. (Cases cited.)
“In the instant case, which appears to be similar in principle to the actions of the last mentioned class, the heating unit placed in plaintiffs’ home by the defendant concedingly was of the kind that does not ordinarily set fire to a building when due care has been exercised in installing it. Too, plaintiffs cannot be expected to have the information regarding its' installation that defendant is assumed to possess. On the other hand, at the time of the fire the unit was in plaintiffs’ home and under their control and management. From all of which, and in keeping with the above authorities, it follows that the doctrine of res' ipsa loquitur is applicable here if it has been proved that plaintiffs were in no manner negligent in their control, management, and operation of the unit. * * *
“Therefore (the doctrine of res ipsa loquitur being applicable), defendant, to escape liability herein, carried the burden of overcoming -the inference of negligence on its part that was created by the occurrence of the ;fire.”
On rehearing: 36 So.2d at page 711.
“A reconsideration of the rationale of our former decision has -strengthened our conviction of the correctness of the views there expressed. The only reason suggested for denying res ipsa loquitur in this case is .that the plaintiff is supposed to have had control of the heater, the general rule being that the doctrine applies only when the defendant is in charge of the thing which does the damage. One reason why this argument canno-t be maintained is that the matter falls within the exception made in cases of exploding bottles..or other substances in sealed containers. Another reason why, the contention must fail is that if is not correct to say that the heater was under the plaintiff’s control at the time of the damage. Consider the facts. Plaintiff buys a gas burning heater from defendant who installs it in plaintiff’s residence and warrants, impliedly at least, that it will satisfactorily perform the function for which it is purchased. *447 "However, less than two days from the time of its installation and without any act by plaintiff, it starts a fire which causes grievous damage to the house. Can it be fairly said in these circumstances that plaintiff, and not defendant, has control of the instrumentality that caused the damage ? Or is it more in keeping with common sense and plain justice to hold that, in the nature of things, the heater would not have caused the fire if it was functioning properly and that plaintiff cannot be expected to know whether it was defectively constructed or installed whereas defendant, as seller -and installer, is fully, able to show a freedom from negligence?. We think the questions answer themselves. It must be. remembered that, in cases like this, (unlike most instances where res ipsa loquitur is invoked) the plaintiff does not obtain the benefit of the doctrine by merely showing the unusual accident and the resulting injury. On the contrary, plaintiff is required to establish with certainty that the instrumentality installed by defendant is the source of the damage ;• that he was without fault and that the time elapsing between the installation and the damage was such as to make it reasonably evident that the damage would not have been caused if the device had been free from defect and had been properly installed. However, when all of these elements are proven, we see no good reason for not requiring, the defendant to show freedom from negligence as then it is fair, to assume that the accident would not have occurred but for a ■ faulty -installation or defect in the heater.”
Not only does the above and foregoing make it clear that the fact of possession and control by the defendant is not always essential, but we find here that the unit had not been completely installed and was still under the control of the furniture company. Having concluded that the doctrine is applicable, we next proceed to an examination of the record to see what evidence, if any, was introduced to overcome the inference of negligence.
No expert witnesses were put on the stand by the defendants to explain the reason for the water’s escaping. The record shows that a valve which was located in Dr. Harberson’s office-broke, thus causing the damage. No convincing evidence, however, is in the record to show why or how the valve actually broke. The trial judge gathered that the break was due to defective installation, and, at the same time, there is evidence in the record to show that the temperature on the night that the accident occurred dropped to 23 degrees. With respect to the freeze, Dr. Harberson admitted that the morning was cold and he further admitted noticing some ice on the ground on his way to work; that none of the pipes that were on the.outside of the building had frozen that morning; nor is there any evidence in this record indicating that the lower temperature had caused a general freezing, and breaking of pipes inside or outsidé of buildings in the community or general area. -We are impressed however by the fact that the plumber who installed the pipes and valves testified that he had had trouble with this type of valve freezing and bursting on other occasions. This man also testified that the valve had been installed some ten days before and that had it been defective, any such defect would have manifested itself within that period of time. This witness further testified that -in his opinion, there was no hidden defect in the valve.
From the above and foregoing, it is apparent to us that not only have the defendants -failed to overcome the inference of negligence, but that, assuming that the break was due to the freeze, or an act of God, as contended by them, that such occurrence was certainly a very foreseeable one- and one that could have been very easily guarded against, particularly when the very man who installed the plumbing stated that he had had trouble with this particular type valve freezing and breaking on previous occasions.' . ■
The record clearly shows that the amount of $800 was the sum expended by the plain *448 tiffs to restore and repair their building and hence would be the proper quantum to be awarded them.
For the reasons assigned, the judgment appealed from is affirmed.
Judgment affirmed.