92 So.2d 580

Louis BARBARI and M. A. Simdorf (Sindorf), d/b/a Louie's Barbecue,

v.

FIREMEN'S INSURANCE COMPANY et al.

No. 40361.

Jan. 21, 1957.

Sam J. D'Amico, John V. Parker, Baton Rouge, for plaintiffs-appellants.

R. W. Williams, Jr., Baton Rouge, for defendants-appellees.

HAWTHORNE, Justice.

Plaintiffs, Louis Barbari and M. A. Simdorf (Sindorf), doing business as Louie's Barbecue, instituted this suit against four separate insurance companies to recover from all of these companies the total sum of $6,000 in the proportion of $1,500 from each defendant. Plaintiffs contend that this sum is due them by all of these defendants as a result of the loss by fire of certain furniture and fixtures covered by insurance under polices issued by each of the defendants for the face amount of $1,500. The defendants are Fireman's Insurance Company, Virginia Fire & Marine Insurance Company, Michigan Fire & Marine Insurance Company, and Reliance Insurance Company. After trial on the merits the lower court dismissed plaintiffs' claim against each defendant, and plaintiffs have appealed.

Plaintiffs attached to their petition the policy of insurance issued by each defend-

ant, in which it insured the plaintiffs against loss by fire of the property insured and described in the policy in a sum not exceeding $1,500. It will thus be observed that plaintiffs have cumulated in this suit their claims for $6,000 against four separate and distinct corporations, and that each claim is based upon a contract of insurance between the plaintiffs and one of the defendants in the sum of $1,500.

The amount in dispute between the plaintiffs and each defendant, which is a separate claim on a separate contract, does not exceed $2,000, and consequently this court is without appellate jurisdiction. Art. 7, Sec. 10, La.Const. of 1921. The claim of these plaintiffs against each defendant under each contract of insurance cannot exceed $1,500, and plaintiffs cannot confer jurisdiction on this court by cumulating in one suit separate and distinct claims against numerous defendants. See Bascle v. Perez, 224 La. 1014, 71 So.2d 551; Jackson v. Perkins, 221 La. 525, 59 So.2d 708.

In this suit plaintiffs also seek to recover attorney's fees under R.S. 22:658, under which failure of an insurer to make payment within 60 days, where such failure is found to be arbitrary, capricious, and without probable cause, entitles the insured to recover reasonable attorney's fees. During the course of the trial it was stipulated between counsel for plaintiffs and defendants that if judgment were given in favor of plaintiffs and if the court were of the opinion that attorney's fees should be awarded under the statutory law, these attorney's fees would be $800.

We understand this stipulation simply to mean that in the event the court were to find that attorney's fees should be assessed under the statute, the amount of these fees would be $800 only if the plaintiffs were successful against all defendants and recovered the $1,500 claimed from each, or a total amount of $6,000 from all defendants. Certainly the stipulation does not mean that if plaintiffs were successful against only one of these defendants, they would be entitled, on a claim against such defendant which could not exceed $1,500, to attorney's fees of $800 under a statute which provides that such attorney's fees shall be reasonable. Even if attorney's fees were found to be due, the award against any one defendant of $1,500 under the policy of insurance issued by it together with reasonable attorney's fees would not exceed $2,000. Consequently it is clear from the nature of this case that an award in favor of the plaintiffs against any one of the defendants could not, even with attorney's fees, exceed $2,000, and hence this court is without appellate jurisdiction. See Collins v. Zander, 221 La. 275, 59 So.2d 188.

It is therefore orderd that this appeal be transferred to the Court of Appeal, First Circuit, provided that the record is filed in that court within 30 days from the finality of this decree; otherwise the appeal shall be dismissed.