ELLIS, Judge.
Plaintiffs cumulated their claims against four separate insurance companies as a result of the loss by fire of certain furniture and fixtures covered under policies issued by each of the defendants. The matter was appealed to the Supreme Court, which ordered the appeal transferred here. See 231 La. 679, 92 So.2d 580.
The cause is now before us on a Motion to Dismiss the appeal filed upon behalf of the defendants upon the grounds of five years non-prosecution of the appeal.
This motion is based upon Article 3519 of the LSA-Civil Code, which reads:
“If the plaintiff in this case, after having made his demand, abandons or discontinues it, the interruption shall be considered as having never happened.
“Whenever the plaintiff having made his demand shall at any time before obtaining final judgment allow five years to elapse without having taken any steps in the prosecution thereof, he shall be considered as having abandoned the same.
“Any appeal, now or hereafter pending in any appellate court of the State, in which five years have elapsed without any steps having been taken in the prosecution thereof, shall be considered as abandoned, and the court in which said appeal is pending shall summarily dismiss such appeal. (As amended by Acts 1954, No. 615, § 1.)”
The transcript of appeal was filed in the Supreme Court on May 21, 1951. Before the expiration of five years, on February 17, 1956, a motion to place this case on the preference Docket of the Supreme Court was filed by the plaintiffs and the case was accordingly transferred to the preference Docket and assigned for argument December 20, 1956. At that time, for jurisdictional reasons, the cause was transferred here.
The question presented is whether a motion to advance to the preference Docket is a “step in the prosecution” thereof which would interrupt the prescription against the plaintiffs’ suit.
Prior to its amendment in 1954 Article 3519 of the LSA-Civil Code had no application to cases pending on appeal. Before the amendment the jurisprudence held the plaintiff must make some formal move before the Court within the five year period intended to hasten judgment. It seems beyond contradiction that the phrase “steps having been taken in the prosecution thereof” has the same meaning in the third para *254 graph of the Article, which amended it, as it has in the second paragraph thereof.
In Cocke v. Cavalier, 175 La. 151, 143 So. 33, the plaintiff requested that his case be placed on the summary trial Docket of the Supreme Court, which held this move was a formal step in the prosecution of the case and was an active measure to carry on or proceed with the case.
In Sliman v. Araguel, 196 La. 859, 200 So. 280, 281, our Supreme Court, in discussing Article 3519 of the LSA-Civil Code,, stated:
“The ‘step’ in the prosecution requires a formal move before the court intended to hasten judgment. A situation arising outside the record ■cannot be considered as a step taken in the prosecution of the suit. A step in the prosecution of a suit means something done in court towards the progress of the suit in court. Lips v. Royal Insurance Co., 149 La. 359, 89 So. 213.”
We had occasion to review the jurisprudence upon this point in Sanders v. Luke, 92 So.2d 156, 158, wherein we stated:
“The above cases and the jurisprudence upon which they rely are authority for the proposition that to be step in the prosecution of the suit so as to interrupt the running of the five years’ inaction after which a plaintiff is presumed to have abandoned his suit, the action taken must be a formal move before the Court, such as a motion to fix the case for trial, or filing some motion or pleading forwarding the progress of the suit. See authorities collected, Doyle, ‘The Abandonment of a Suit — Its Effect on Prescription’, 22 Tulane Law Review 504, 508 — 511; Note, ‘What Constitutes Abandonment of Suit’, 3 La.Law Review 835.”
The motion to advance the present cause to the preference Docket of the Supreme Court was clearly a formal move and it was intended to hasten judgment. Thus it was an active step in the prosecution of the suit. In fact, it was the only step the plaintiffs could make to further the prosecution of their appeal. This motion was timely filed and under the authorities cited the motion to dismiss is without merit.
The motion to dismiss is overruled.