HAMITER, Justice.
Plaintiffs, nine in number and who are the widow and heirs of the late William F. Morgan, seek herein to recover damages allegedly resulting from the unlawful destroying of three trees and trimming of others, situated on a 201 acre farm in St. Helena Parish owned in indivisión by them,, during the construction by the defendant of an electric power line. No individual plaintiff prayed for a specific award, the prayer of the petition being merely that petitioners be granted a judgment for $3,000.
The trial court awarded all plaintiffs the sum of $1,950, and from the judgment the defendant appealed to the First Circuit Court of Appeal. However, the latter tribunal, on deciding that the amount in dispute was in excess of its appellate jurisdiction, transferred the case to this court. 79 So.2d 144.
It is undisputed that the defendant, pursuant to a written contract executed by the widow (Mrs. William F. Morgan) and by one of the heirs (Mrs. Betty Morgan Powers), constructed the power line across defendants’ 201 acre tract for the purpose of supplying electricity to a residence located thereon. And in the course of construction, two large live oak trees and one pecan tree-were cut and -destroyed and other oak trees. *89 were trimmed. However, the other heirs of decedent Morgan, who are co-owners with Mrs. Morgan and Mrs. Powers, did not sign such contract.
Plaintiffs contend that an agent of defendant, prior to the signing of the contract by Mrs. Morgan and Mrs. Powers, had orally agreed with Percy P. Morgan (another heir) not to cut any trees in laying out the line and hence they are entitled to damages for breach of the agreement. On the other hand the defendant relies on the written instrument, even though signed by only two of the nine co-owners, urging that its terms permitted the action taken.
After reviewing the record we are satisfied that this court does not have appellate jurisdiction of the cause.
Obviously, no individual plaintiff herein is entitled to an award anywhere near our minimum jurisdictional amount. And we seriously doubt that these plaintiffs have the right to cumulate their claims for damages and, suing collectively and praying for a judgment in globo, thereby confer jurisdiction on this court. As we said in Hernandez v. Ethyl Corporation, 224 La. 470, 70 So.2d 92, 93: “The later and well established jurisprudence of this Court is to the effect that several plaintiffs cannot give this Court jurisdiction by cumulating their individual demands, even though each claim is based on a similar or the same cause of action. * * * ” See also Bascle v. Perez, 224 La. 1014, 71 So.2d 551 and Johnson v. Nora, 228 La. 603, 83 So.2d 643.
But be that as it may, and notwithstanding the in globo demand of these plaintiffs for $3,000, we do not believe that the total amount actually in controversy is sufficient to vest this court with jurisdiction.
In Trahan v. Breaux, 212 La. 459, 32 So.2d 845, 846 we said: “The jurisprudence is firmly established that plaintiff’s allegations as to t'he amount of damages sustained by him will not control in determining the appellate jurisdiction of this court where the nature of the case is such that an award in plaintiff’s favor could not exceed our minimum jurisdiction. * * * ” See also Nash v. Curette, 218 La. 789, 51 So.2d 71, Jackson v. Perkins, 221 La. 525, 59 So.2d 708 and Des Ormeaux v. Dufour, 229 La. 287, 85 So.2d 518. Here, plaintiffs’ own evidence discloses that the destroyed live oak trees, located across the road from the above mentioned residence and a considerable distance from it, had no commercial value; and that the destroyed pecan tree was “really in the way”. Besides, there was no satisfactory showing of depreciation in the value of the whole property as a result of the trees’ cutting.
Of course, in this court plaintiffs’ counsel insisted that the claimed damages are recoverable by reason of the sentimental value of the trees, one of the heirs having testified that “one tree my father put there, that is of sentimental value.” However, the record reveals that no member of the family has lived on the property since 1949, it having thereafter been rented intermittently to itinerant workers; and few, if any, of them have since visited it regularly.
Again, two of the plaintiffs merely said that the claimed damages resulted because the destruction of the trees detracted from the beauty of the farm. And another testified :
“Q. How much damage in dollars and cents have you suffered from that ? A. Personally and physically I have not suffered any but I made a suit for three thousand dollars because it will take that much to clean the place up.
* * * * * *
ifQ. You offered to settle the claims of your family if they would remove all the rubbish? A. If they would remove the rubbish and top those trees and clean it up.”
Moreover, it is to be noticed that in the Court of Appeal these plaintiffs initially answered the appeal of the defendant, praying that the judgment be increased from *90 $1,950 to their original demand of $3,000; but later they filed a motion seeking an order permitting the withdrawal of such answer. This fact can be considered in determining whether plaintiffs’ demands are inflated. Jackson v. Perkins, supra, and Maxfield v. Gulf States Utilities Company, Inc., 222 La. 987, 64 So.2d 243.
Under the circumstances disclosed by the record it is clear that these plaintiffs could not reasonably expect to obtain an award in excess of our minimum jurisdictional amount. Consequently, this court is without authority to pass on the merits of the case, and it must be retransferred to the Court of Appeal for that purpose.
Therefore, it is ordered that this cause be retransferred to the Court of Appeal, First Circuit, pursuant to the provisions of LRS 13:4441 and 4442, the record to be filed in such court by appellants within thirty days from the date on which this decree shall become final; otherwise the appeal shall stand dismissed. All costs shall await final disposition of the case.
HAWTHORNE, J., takes no part.
TATE, J., recused.