117 So.2d 824

**S. F. TALBERT**

v.

**J. E. (Scooter) TYLER et al.**

No. 43720.

Feb. 15, 1960.

2

Gahagan & Gahagan, Natchitoches, for plaintiff-appellant.

Gravel, Humphries, Sheffield & Fuhrer, Alexandria, Watson, Williams & Brittain, Natchitoches, for defendants-appellees.

HAWTHORNE, Justice.

Plaintiff instituted this suit to recover from the defendants in solido $5,000 as damages caused by a grass fire in January, 1956, which the record discloses burned over 57 acres of hill pasture land owned by the plaintiff in De Soto Parish. Plaintiff alleged that the fire was caused by the negligence of an employee of one of the defendants. After trial on the merits the suit was dismissed, and plaintiff has appealed.

In the fall of 1954 plaintiff planted on 179 acres of pasture land owned by him crimson clover seed and singletary peas at a cost, including fertilizer and labor, com-

puted to be $28.18 an acre. He argues in this court that he is entitled to recover as damages $1,606.26 for destruction of grasses and seed planted in 1954 on the 57 acres over which the fire spread. He also contends in this court that damage to timber amounted to $500. The total of the damages now claimed is $2,106.26.

After considering the record we are of the opinion that this court is without appellate jurisdiction, and that this case should be transferred to the Court of Appeal.

It has been held many times that allegations of damages claimed in the petition which are grossly exaggerated will be disregarded by this court in passing upon the question of jurisdiction. It is likewise well settled that a plaintiff's allegations as to the amount in dispute will not control in determining the appellate jurisdiction of this court where the nature of the case as disclosed by the record is such that an award in plaintiff's favor could not exceed our minimum jurisdictional amount. Trahan v. Breaux, 212 La. 459, 32 So.2d 845; Nash v. Curette, 218 La. 789, 51 So.2d 71; Mitchell v. Shreveport Laundries, 221 La. 686, 60 So.2d 86; Tennessee Gas Transmission Co. v. Williams, 222 La. 593, 63 So.2d 9; Salvaggio v. Palmisano, 235 La. 202, 103 So.2d 90.

Although the trial judge rejected plaintiff's demands, in the course of his

reasons for judgment he said: "In view of the above, I do not see that it is necessary to discuss the question of the damages that might have been done, although I consider them very small, and I think that the plaintiff's suit and his testimony with reference to the damages he suffered were grossly exaggerated." Our study of the record convinces us that the trial judge was correct in this conclusion.

It is therefore ordered that this appeal be transferred to the Court of Appeal, Second Circuit, provided that the record is filed in that court within 30 days from the finality of this decree; otherwise the appeal shall be dismissed. Costs incurred in this court are to be paid by appellant.