119 So.2d 839

Paul Peter BURAS

v.

UNITED GAS PIPE LINE COMPANY et al.

No. 44061.

April 25, 1960.

Chaffe, McCall, Phillips, Burke & Hopkins, New Orleans, for appellant.

Ernest A. Carrere, Jr., Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, for appellee.

Max Zelden, Sam Monk Zelden, New Orleans, for plaintiff-appellee, appellant.

HAMITER, Justice.

In the petition of this trespass action the plaintiff, Paul Peter Buras, alleged that the defendants, United Gas Pipe Line Company and the Louisiana Fruit Company, are indebted unto him in the sum of $13,500; that he is the owner of a tract of land situated in Plaquemines Parish on the right bank of the Mississippi River measuring one arpent front on such river by a depth of about forty arpents; that on or about August 15, 1951, pursuant to a right of way servitude purchased from the fruit company, the pipe line company "did illegally and torturously trespass" on his property by digging diagonally across it a canal 50 feet wide into which a pipe line was laid; and that by reason of such trespass on the part of the defendants he has sustained damages itemized as follows:

"A. Loss of revenue from muskrat trapping two years prior to filing this suit    $ 7,000.00
B. Inconvenience and interference with petitioner's right of ownership    6,500.00
     $13,500.00"

Plaintiff prayed for judgment recognizing him as the owner of the property and condemning the defendants, jointly and severally, to pay the total amount of the alleged damages.

Answering, the defendants denied plaintiff's ownership of the land on which the

canal was dug and, hence, also denied that they were trespassers responsible in damages to him.

Following a trial of the merits the district court rendered a judgment "recognizing the said plaintiff as the true and lawful owner of said property and as such entitled to the full and undisturbed possession thereof", but "denying the said plaintiff any damages herein."

The Louisiana Fruit Company appealed from that portion of the judgment which recognized plaintiff as the owner of the property; and the plaintiff obtained an appeal from that part which dismissed the demand for damages.

■ After a careful examination of the record we are convinced that this court is without appellate jurisdiction of the cause.

■■ In Nash v. Curette, 218 La. 789, 51 So.2d 71, 73, we observed:

"It is well settled in the jurisprudence of this state that a plaintiff's allegations as to the amount in dispute will not control in determining the appellate jurisdiction of this court where the nature of the case, as disclosed by the record, is such that an award in plaintiff's favor could not exceed our minimum jurisdiction of $2000.00. (Here three decisions are cited.)

"Further, it is well settled that, where the allegations of damages are evidently exaggerated, they will be disregarded by this court in passing upon the question of jurisdiction. · (Here numerous decisions are cited.)"

See also Mitchell v. Shreveport Laundries, Inc., 221 La. 686, 60 So.2d 86, Maxfield v. Gulf States Utilities Company, Inc., 222 La. 987, 64 So.2d 243, Griffin v. Bank of Abbeville and Trust Company, 228 La. 857, 84 So.2d 437, McNeill v. Elchinger, 231 La. 1090, 93 So.2d 669 and Morgan v. Dixie Electric Membership Corporation, 235 La. 196, 103 So.2d 88.

In the instant case there was no evidence adduced disclosing the actual value of the land of which plaintiff asserts ownership. As to the servitude used for the canal and pipe line a witness did testify that it has a value not exceeding $125. However, plaintiff does not demand herein compensation for such use.

With respect to the two items of alleged damages for which plaintiff seeks recovery (set out hereinabove) we find that both are grossly exaggerated.

The record establishes that at the time the canal was dug and thereafter the land had no value for trapping purposes. Plaintiff himself testified that since 1932 he had trapped the property only five or six times and that such instances were prior to 1941. Moreover, he stated that after 1947 all of the land in the general area contained no muskrats and that it was "bad" for trapping. Too, Mr. Ted O'Neil, a biological

consultant called as a witness by the defendants, gave testimony (based on recent surveys made by him) as follows: "The marshes in the vicinity of the area under question is known as floating fresh marsh made up of cattail, cut grass, alligator grass and some bayou whip. This type of marsh is not conducive to extreme muskrat populations but will, under peak periods, or during peak periods, produce approximately one rat to the acre. * * * The land has not produced any number of rats since 1947 or '48."

Regarding plaintiff's second alleged item of damage, namely, inconvenience and interference with his right of ownership, we find that the land in question is swamp land and has virtually no value, except possibly for the purpose of oil and gas development; and no showing was made that the pipe line canal would adversely affect its use for that purpose. True, plaintiff did express the conclusion that the digging of the canal "is a damage to my land." However, he gave no reasons in support of it; in fact, he testified that for the past six years he had not even attempted to go on the property.

Under the circumstances pointed out above, and in view of the district judge's refusal to award any damages whatever, we are unable to understand how plaintiff can seriously expect to recover judgment for an amount exceeding our jurisdictional minimum of $2,000.

For the reasons assigned it is ordered that this cause be transferred to the Court of Appeal for the Parish of Orleans pursuant to the provisions of LRS 13:4441 and 13:4442, the record to be filed in such court by the appellants within 30 days from the date on which this decree shall become final; otherwise the appeals shall stand dismissed. Each appellant shall pay one-half of the costs of the appeals to this court, and all others costs shall await the final disposition of the case.

FOURNET, C. J., and HAMLIN, J., absent.